**Lance CALDER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4293.**

Supreme Court of Alaska.

Nov. 21, 1980.

---

Mary Ellen Ashton, Legal Intern, Walter Share, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This appeal presents two double jeopardy [1] questions. Lance Calder pled nolo contendere in district court to a charge of reckless driving,[2] committed while he was trying to evade the police. In connection with the same incident, he was also charged with assault with a dangerous weapon,[3] as a result of driving his automobile into a police officer who was pursuing him. Calder was convicted by a jury of the lesser included offense of reckless driving. He claims that the dual conviction and dual sentences violated his constitutional right against double jeopardy.

At approximately 10:30 on the evening of March 20, 1978, while driving a borrowed car, Calder pulled into a closed gas station to fix the heater. This aroused the suspicions of a state trooper, Eric Feichtinger, who was on patrol in the area. Feichtinger followed Calder as he left the station, and noticed that Calder's car had a tail light out. Deciding to stop Calder, he turned on his emergency lights. Calder, who was driving with a suspended driver's license, panicked. He made a sudden left turn from the right lane onto another street, and then veered into a shopping center parking lot. Once in the parking lot, Calder's car spun on some ice patches, and Feichtinger, who had followed Calder into the parking lot, positioned his vehicle so that it was right in front of Calder's. He had left the patrol car and was walking toward Calder when Calder backed up slightly and moved forward again, striking Feichtinger. Feichtinger was not seriously injured and was able to continue his pursuit of Calder, who was apprehended shortly thereafter.

Calder was charged the following day with the misdemeanors of reckless driving and driving with a suspended license. The reckless driving complaint charged Calder with lane–crossing, spinning out of control and exceeding reasonable speeds. Shortly thereafter, he was indicted on the felony assault charge. On June 9, 1978, Calder

1. U.S Const. amend. V: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb; ..." Alaska Const. art. I, § 9: "No person shall be put in jeopardy twice for the same offense."

2. AS 28.35.040 provides:
   *Reckless driving.* (a) A person who drives a motor vehicle in the state in a manner which creates a substantial and unjustifiable risk of harm to a person or to property is guilty of reckless driving. A substantial and unjustifiable risk is a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.
   (b) A person convicted of reckless driving is guilty of a misdemeanor and is punishable by a fine of not more than $1,000 or by

imprisonment for not more than one year or by both.
   (c) Lawfully conducted automobile, snowmobile, motorcycle or other motor vehicle racing or exhibition events are not subject to the provisions of this section.

3. At the time of the offense, AS 11.15.220 provided:
   *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less that $100, or by both.
   This was repealed by ch. 166, § 21, SLA 1978, effective Jan. 1, 1980. The new criminal code deals with assault offenses at AS 11.41.-200–.250.

entered pleas of nolo contendere in the misdemeanor cases, and was given concurrent ninety–day sentences, with eighty–five days of each suspended. His felony trial was held in July. The jury acquitted Calder of assault with a dangerous weapon, but found him guilty of the lesser included offense of reckless driving. Shortly before the scheduled sentencing hearing, Calder moved the superior court to bar his sentencing as violative of the double jeopardy clause, but his motion was denied. The superior court's sentence on the second reckless driving conviction included incarceration for 180 days, with 150 suspended. Execution of this sentence has been stayed pending appeal.

Calder's double jeopardy argument is twofold. First he argues that since the misdemeanor and felony charges arose out of the same conduct they should have been consolidated and, having been convicted of reckless driving, his subsequent trial on the assault charge subjected him to multiple prosecutions. Second, he contends that, assuming the felony trial was permissible, the resulting conviction and sentence for reckless driving subjects him to multiple punishment, since he had already been sentenced on a charge of reckless driving based on the same conduct in the district court upon his plea of nolo contendere. We reject Calder's two arguments, finding no violation of double jeopardy and affirming the convictions.

■ The double jeopardy clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969) (footnotes omitted). Calder contends that he was subjected to both successive prosecutions and multiple

punishments in violation of the double jeopardy clause. The test we announced in *Whitton v. State*, 479 P.2d 302, 312 (Alaska 1970), for determining whether separate statutory crimes constitute the "same offense" for purposes of prohibiting double punishment, is whether differences in intent or conduct between the statutory offenses are substantial in relation to the basic social interests protected or vindicated by the statutes. *Cf. Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

■ Calder was prosecuted for felony assault after pleading nolo contendere to the misdemeanor reckless driving charge. These two charges were based on different conduct; the misdemeanor complaint contains no allegations regarding Calder's striking of Feichtinger with his automobile, and the felony indictment does not mention Calder's reckless driving preceding the striking.[4] The reckless driving charge arose from Calder's attempt to flee from Feichtinger; the assault charge was based on Calder's subsequent act of running into Feichtinger with his car in the parking lot. Different societal interests are protected or vindicated by the statutes making each of these alleged acts criminal offenses. Reckless driving involves risks to the safety of the public at large, while assault with a dangerous weapon involves an intentional placing of another in fear for his safety.

The state has cited several cases in which courts in other jurisdictions have refused to overturn automobile assault convictions on double jeopardy principles because traffic offenses arising from the same general incidents had been previously adjudicated.[5] We find these cases convincing. Thus, we

---

4. We attach no significance to the fact that the district attorney mentioned the striking of Feichtinger at Calder's sentencing following his guilty plea to the misdemeanors.

5. *See especially, State v. Currie*, 41 N.J. 531, 197 A.2d 678 (1964), with its extensive discus-

sion of the issue. *See also In re Dennis B.*, 18 Cal.3d 687, 557 P.2d 514, 517, 135 Cal.Rptr. 82 (1976); *People v. Herbert*, 6 Cal.2d 541, 58 P.2d 909 (1936); *People v. Hartfield*, 11 Cal.App.3d 1073, 90 Cal.Rptr. 274 (1970); *Brutcher v. District Court*, 580 P.2d 396 (Colo.1978).

hold that Calder's trial on the assault with a dangerous weapon charge did not violate his constitutional right to be free of double jeopardy.

Had Calder been convicted of assault, rather than reckless driving, we would find no double jeopardy violation in his consecutive sentences. He was, however, convicted and sentenced for the lesser included offense of reckless driving.[6] Calder contends that this second sentence for reckless driving was illegal, as it constituted double punishment for the same offense, forbidden under *Whitton*. He notes the evidence presented at trial covered the entire incident of Calder's attempt to flee from Feichtinger and the jury instruction on reckless driving did not limit the scope of the conduct that the jury was to consider to the striking of Feichtinger.[7] Thus, he contends, his conviction on the second count may have been impermissibly based on the same conduct as his first reckless driving conviction.

■ There are several aspects of the record which have persuaded us that Calder's right to be free of double jeopardy was not violated. The record shows that the trial proceedings were sharply focused on the encounter between Feichtinger and Calder in the parking lot. Calder admitted, in the presence of the jury, his conviction for reckless driving which stemmed from his initial attempt to elude Feichtinger. Although there was testimony concerning Calder's reckless driving preceding the incident with Feichtinger, this evidence was foundational for the introduction of testimony as to the events which directly led to the vehicle's contact with Feichtinger's person. With each of the significant witnesses,[8] the emphasis on direct examination and cross-examination was placed upon the striking of Feichtinger. The events in the parking lot were laboriously analyzed by counsel for the prosecution and defense. Further, in closing arguments, both counsel continued to detail the events which directly led to the striking of Feichtinger. No reference was made to Calder's earlier reckless driving. More particularly, Calder's attorney explicitly delineated the issues and conduct to be considered by the jury in the following manner:

Reckless driving would be the situation where Lance, because of his careless or negligent driving, created a foreseeable risk of injury to someone, although he did not intend it, although he never intended to hit Trooper Feichtinger, because of the way he was driving he created a situation where Trooper Feichtinger could be hit. And is not that exactly what happened here? Lance in trying to elude the police officers, by his careless driving, created a situation where Trooper Feichtinger could be hit, even though he had no intent to hit Trooper Feichtinger at all. Reckless driving is the crime that Lance committed. Reckless driving is the crime of which he should be convicted by you. He should not be convicted of assault with a dangerous weapon, since he did

---

6. We recently reaffirmed our holding in *Thessen v. State*, 508 P.2d 1192, 1195 (Alaska 1973), precluding multiple sentences "[w]here there has been but one statute violated by a single act, without intent to harm multiple victims." *State v. Souter*, 606 P.2d 399, 400 (Alaska 1980).

7. Given the existence of the other reckless driving conviction, we think the superior court should have given an instruction limiting the reckless driving charge to Calder's movement of the vehicle immediately preceding the striking of Feichtinger. However, Calder did not request such an instruction, and we do not find that its omission constituted plain error. *See* Alaska R.Crim.P. 47(b). In *Gilbert v. State*,

598 P.2d 87, 92 (Alaska 1979), we noted that "an asserted error not brought to the attention of the trial court will not be noticed on appeal unless it affects a substantive right and is obviously prejudicial." From the facts adduced in the remainder of the opinion, we do not find plain error because under the circumstances the conduct upon which the jury's attention was focused was clear and, thus, the lack of the instruction was not prejudicial.

8. The most important witnesses were Calder, Randal Hines, a passenger in Trooper Feichtinger's car at the time of the events in question, and Eric Feichtinger.

not intend to injure Trooper Feichtinger and since he did not even see the man.[9]

The jury's sensitivity to the intent issue was manifested by their request that the court replay certain testimony. The jury asked to hear the portions of the testimony of Calder, Feichtinger, and Hines, Feichtinger's passenger, which dealt with the initial contact in the parking lot. It thus seems that the jury was aware that Calder's conduct in the parking lot was the sole factor by which his guilt or innocence of reckless driving was to be determined. We conclude that the factual bases for the two reckless driving convictions consisted of separate conduct and there was no violation of double jeopardy. Since Calder committed two separate acts of reckless driving, he can lawfully be punished for each offense.

AFFIRMED.

CONNOR, J., joined by BOOCHEVER,* J., dissent.

CONNOR, Justice, with whom BOO-CHEVER, Justice, joins, dissenting.

I disagree with the majority's conclusion that Calder was not convicted and sentenced twice for the same crime. My reading of the record convinces me that the entire sequence of reckless conduct may have been considered by the jury in reaching its verdict. From this I conclude that the dual conviction and sentencing placed Calder in jeopardy twice for the same offense in violation of Article I, section 9 of the Alaska Constitution.[1]

The evidence presented at trial covered the entire attempt by Calder to flee from Trooper Feichtinger, and the defense emphasized that the unifying motive of Calder's behavior was flight. Every eyewitness began testimony from the time Calder's car was first seen by the trooper, and there was nothing to indicate clearly to the jury that the testimony was merely foundational.

The majority determines that Calder's closing argument focused the attention of the jury on the second act, the striking of Feichtinger. In my opinion, the excerpt from argument cited by the majority is inadequate to put the jury on notice that it should not consider the testimony regarding Calder's initial sharp turn and his careening through the parking lot in deciding whether striking the officer with his car was assault with a deadly weapon or reckless driving. An inference made from argument of counsel is too tenuous to provide an adequate basis for deprivation of an important constitutional right.[2]

Given the broad scope of the evidence presented, the lack of a limiting instruction,[3] the necessity for the jury to make inferences to determine what conduct could be considered, and the fact that both convictions arose under the same statute, I conclude that it is likely that Calder was

---

9. Further, throughout the trial the prosecution and defense grappled with the issue of specific intent: did Calder intend to injury Trooper Feichtinger?

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Article I, section 9 of the Alaska Constitution provides:
"No person shall be put in jeopardy twice for the same offense...."

2. The majority concludes that since the jury closely examined the incident in the parking lot to determine the issue of specific intent, they restricted their inquiry on recklessness to the same incident. There is no evidence that the jury did so, and I do not think the inference is justified.

3. The jury instruction on reckless driving, far from being a limiting instruction, was extremely broad. It read, in part:
"In order for the accused to be found guilty of reckless driving, evidence presented in this case must prove beyond a reasonable doubt each of the following elements:
(1) That on or about March 20th:
(2) At or near Anchorage, Alaska;
(3) Lance Calder operated a motor vehicle in a reckless manner...."
In light of my conclusion that Calder's right to protection from double jeopardy was violated, it is unnecessary to consider whether the failure to give a limiting instruction constituted plain error.

indeed convicted and sentenced twice for the same conduct.

Since multiple convictions or sentences imposed for the same offense violate Alaska's constitutional prohibition against double jeopardy, *Larson v. State,* 569 P.2d 783, 786 (Alaska 1977); *Thessen v. State,* 508 P.2d 1192, 1197 (Alaska 1973); *Whitton v. State,* 479 P.2d 302, 310 (Alaska 1970), I would vacate Calder's second sentence for reckless driving.