656 P.2d 1202 (1982)
Ted James FEE, Appellant,
v.
STATE of Alaska, Appellee.
No. 6951.
Court of Appeals of Alaska.
December 17, 1982.
*1203 John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.
Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
SINGLETON, Judge.
Fee pled nolo contendere to a charge of criminal mischief in the third degree. AS 11.46.484(a)(1). He received a 365-day sentence with all 365 days suspended and was placed on probation. The conditions of probation were to pay restitution in the amount of $871.20 to the victim and to reimburse the Public Defender Agency for $500 for costs incurred on Fee's behalf. Fee appeals the sentence contending that he could not be required to pay restitution in an amount greater than $500 and alternatively that there was insufficient evidence to establish that he owed more than $500 to his victim. We have reviewed the record and find no error. We affirm.
Fee was convicted of violating AS 11.46.484(a)(1). That statute provides:
A person commits the crime of criminal mischief in the third degree if, having no *1204 right to do so or any reasonable ground to believe he has such a right.
(1) with intent to damage property of another, he damages property of another in an amount of $50 or more but less than $500... .
Fee argues that the $500 jurisdictional limit prescribed in AS 11.46.484(a)(1) establishes the maximum restitution he can be made to pay for its violation. Fee is in error.
Two statutes establish the procedures for awarding restitution. AS 12.55.045 provides:

Restitution. (a) The court may order a defendant convicted of an offense to make restitution as provided in this section or as otherwise authorized by law. In determining the amount and method of payment of restitution, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.
(b) An order of restitution under this section does not limit any civil liability of the defendant arising from his conduct.
(c) If a defendant is sentenced to pay restitution, the court may grant permission for the payment to be made within a specified period of time or in specified installments.
AS 12.55.100(a) provides in pertinent part:

Conditions of probation. (a) While on probation and among the conditions of probation, the defendant may be required
(1) to pay a fine in one or several sums;
(2) to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had... .
Fee does not deny that the person to whom restitution was ordered was "an aggrieved party" as that term is used in AS 12.55.100(a). But, he contends that the restitution award of $871.20 exceeds the "actual damages or loss caused by the crime for which conviction was had." Fee argues that his plea to a violation of AS 11.46.484(a)(1), with the agreement of the state and the court, collaterally estops the state from arguing that the actual loss exceeded $500. We disagree.
A defendant can only be sentenced to a penalty appropriate for the crime for which he is convicted or to which he pleads. A jury verdict or a plea of guilty or nolo contendere serves to place a ceiling on the sentence that may be imposed. Nevertheless, in determining an appropriate sentence, the trial judge must evaluate the defendant and the crime or crimes which he has committed. In so doing, the judge must independently review the facts and make findings which, if supported by substantial evidence, will be sustained on appeal. One of the factors which trial judges consider in determining an appropriate sentence is whether a defendant is a "worst offender." In order to make this determination, the trial judge must determine precisely what the defendant did. Where the defendant pleads guilty to a lesser offense and a review of the facts establishes that he, in fact, committed a greater offense, the court may legitimately find that he is a worst offender for purposes of sentencing him for the lesser offense. See State v. Young, 292 N.W.2d 432 (Iowa 1980). In Young, the defendant stole a Raleigh "Professional" bicycle. He was initially charged with second degree theft which involves property worth between $500 and $5,000. The bicycle apparently cost $592.25 new and had $300 worth of accessories added on and was worth at least $700 at the time in question. Defendant maintained his innocence but entered into an Alford plea agreement under which he maintained his innocence but pled guilty to third degree theft, an aggravated misdemeanor covering theft of property worth between $100 and $500. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (court permitted a plea of guilty by one who continues to assert his innocence). Cf. Miller v. Alaska, 617 P.2d 516 (Alaska 1980) (defendant may plead nolo contendere without admitting offense). At the sentencing hearing the assistant county attorney made this statement among others:

*1205 Your Honor, if the state were called upon to present this case at trial, we would basically call witnesses which would testify that there was a Raleigh 10-speed bicycle the value of which we would stipulate at this time as over $100 but below $500 and [in?] [sic] keeping with the plea of Theft in the Third Degree.
292 N.W.2d at 434. The plea was accepted and a presentence report was prepared in which the presentence officer estimated the value of the bicycle at $1,212. The trial judge imposed sentence expressly finding that the third degree theft was aggravated by the fact that a jury probably would have convicted the defendant of second degree theft, i.e., would probably have found that the value of the bicycle exceeded $500. In affirming the sentence, the court quoted from an earlier case, State v. Thompson, 275 N.W.2d 370, 372 (Iowa 1979), where it said:
The present case concerns the possibility that the accused's act on the occasion in question may have constituted a higher crime than the one to which he pleaded guilty. A sentencing court may, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved if the facts before the court show the accused committed the higher crime or the defendant admits it  whether or not the prosecutor originally charged the higher crime. This is part of making the punishment fit the crime... A sentencing court may not however impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime unless the facts before the court show the accused committed the higher crime or the defendant admits it  even if the prosecutor originally charged the higher crime and reduced the charge. The controlling consideration is whether the accused in fact committed the higher crime, not whether the prosecutor originally charged it. The original charge of the higher crime may or may not have been true, and the accused does not admit the higher charge by pleading guilty to the lower charge.
Young, 292 N.W.2d at 435.
In determining whether as a matter of fact the defendant committed the higher crime, the doctrine of collateral estoppel has no part to play. See Huckaby v. State, 632 P.2d 975, 976 n. 2 (Alaska App. 1981).
We believe the same reasoning is applicable to the determination of an appropriate restitution award. AS 11.81.615 provides in part:
Whenever a provision of law defining an offense requires a determination of ... the value of property or services, it is not a defense to the lowest class of offense established by the evidence that the ... value of the property or services exceeds the value which would make the offense a higher class of offense, and a person may be charged and convicted accordingly.
Where the defendant is charged with the lesser offense but the evidence establishes that he committed the greater offense, a restitutionary award based on the actual loss to the victim is appropriate.
It is important to recognize that Fee is not arguing that he entered into a plea agreement with the state in detrimental reliance on a promise that the restitution ordered would not exceed $500. Had he made such an agreement he would be entitled to its benefits. If the court refused to honor the state's commitment, Fee would be entitled to withdraw his plea. See Alaska R.Crim.P. 11(h)(1)(ii)(dd)(B).
We therefore hold that the trial court could require Fee to pay the actual damage suffered by his victim as a result of Fee's crime even though the actual damage exceeded $500. We reject Fee's contention that there was insufficient evidence to establish that he owed $871.20. Fee waived his right to cross-examine Helms, the owner of the damaged property, and the parties stipulated that Helms, if called as a witness, would testify that the damage was $871.20. The trial judge could rely on Helm's testimony *1206 to verify the value of the damaged property as there was no conflicting evidence of value. See Nukapigak v. State, 562 P.2d 697 (Alaska 1977), aff'd on appeal, 576 P.2d 982 (Alaska 1978).
In conclusion, we hold that a person pleading guilty to criminal mischief in the third degree, AS 11.46.484(a)(1), can be required, pursuant to AS 12.55.045 and AS 12.55.100(a), to pay an amount of restitution in excess of $500 so long as the payment is made to "an aggrieved party" and the amount does not exceed the "actual damages or loss caused by the crime for which conviction was had." Naturally, the defendant must be given notice and an opportunity to be heard, including an opportunity to put on evidence contradicting the owner's claims regarding the value of the property in question. However, if the trial judge's determination of value is supported by substantial evidence, it will be affirmed on appeal.
The judgment of the superior court is AFFIRMED.