Richard E. GOULDEN, Appellant,

v.

STATE of Alaska, Appellee.

No. 6465.

Court of Appeals of Alaska.

Jan. 14, 1983.

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Richard Goulden was convicted of sexually abusing a minor. AS 11.41.440(a)(1).[1] He received a sentence of five years with three years suspended. He appeals contending that the trial court erred in: (1) failing to grant a judgment of acquittal, (2) failing to void certain search warrants and suppress evidence obtained under them, and (3) imposing an excessive sentence. We will deal with each of Goulden's contentions in turn.

## GOULDEN'S CONVICTION

M.S. testified at trial that she was fourteen years old on January 9, 1981. She testified that on that date she spent the night at Goulden's apartment and had sexual intercourse with him. Goulden is forty-three years old. He denied having intercourse with M.S. but admitted that she spent the night in his apartment. He argues that her testimony was substantially undermined at trial and should have been disregarded by the trial judge in ruling on his motion for a judgment of acquittal. Specifically, he contends that M.S. has been diagnosed as an emotionally disturbed child, that she indicated uncertainty in her testimony when asked about the meaning of sexual intercourse, and that her credibility was damaged further by proof that she had attempted to blackmail him about the incident. Consequently, he concludes, her testimony was incredible as a matter of law and the jury should have been instructed to acquit him. The state counters that M.S.'s testimony was corroborated by certain scientific evidence, *i.e.*, threads from Goulden's mattress were found on M.S.'s clothes. While Goulden initially denied that M.S. was ever in his bedroom, at trial he testified that she had gone into the bedroom to take a nap. Thus, he contends the presence of threads on her clothing was consistent with his testimony and did not corroborate M.S.

If fair-minded jurors in the exercise of reasonable judgment could differ on the question of whether Goulden's guilt had been established beyond reasonable doubt, the trial court properly denied his motion for judgment of acquittal. *Davis v. State*, 635 P.2d 481, 483 (Alaska App.1981). We are satisfied that reasonable jurors could have believed M.S. and disbelieved Goulden. Therefore, whether or not he had intercourse with her was a jury issue. The trial court did not err in denying the motion for a judgment of acquittal.

Goulden attacks the search warrants issued in this case. He argues that: (1) they were based on stale information and double hearsay and (2) that the magistrate issued the warrants ignorant of material facts suppressed by the prosecution. Specifically, he contends that the magistrate should have been informed that M.S. had attempted to blackmail him about the incident and that M.S.'s testimony was not corroborated. While Officer Packer was the person who testified before the magistrate in support of the issuance of the search warrants, he had no first-hand knowledge. Nevertheless, he specified by name the declarants upon whom he relied for the information he presented to the magistrate. His main source of information was M.S. Since she was the victim, she qualifies as a "citizen informant" and her credibility did not require a showing of prior reliability, *Erickson v. State*, 507 P.2d 508, 518 (Alaska 1973). Her testimony also did not require corroboration. *Burke v. State*, 624 P.2d 1240, 1253 (Alaska 1980). The other informants relied upon by Packer did not accuse Goulden of a crime but merely identified him and M.S. and established that they had been together on the night in question. Weighing all of this evidence together, we conclude that the warrant was not rendered improper because of double hearsay. *Resek v. State*, 644 P.2d 877, 878 (Alaska App.1982).

1. We note that the indictment cites AS 11.41.-440(a)(2) but the wording of the charge clearly refers to the conduct covered by AS 11.41.-440(a)(1). The judgment cites to AS 11.41.-440(a)(2) as well.

While M.S. did not complain immediately of the incident with Goulden, we do not find the thirty-day delay between the incident and the issuance of the search warrant fatal. The magistrate could reasonably conclude that the items sought would still be in the apartment. Consequently, the information upon which he relied would not have been stale. We find no error.

Goulden's most serious charge is that Packer failed to inform the magistrate of M.S.'s attempt to blackmail Goulden which he contends reflects adversely on her credibility. We agree that the magistrate should have been informed of the note written by M.S. to Goulden in which she threatened to tell about the incident unless she received some money. The note was not, however, exculpatory since it did not indicate that M.S.'s charges were false, and it does not appear that the magistrate would have refused to issue the warrants had he been informed of M.S.'s attempted blackmail. Therefore, failure to disclose the attempt does not invalidate the warrant. *Schmid v. State*, 615 P.2d 565, 577 (Alaska 1980).

## GOULDEN'S SENTENCE

At the time of this offense, Goulden was forty-three years old and had been employed as a teacher, chiefly in schools serving an Indian population, for almost twenty years. At the time of the incident, he was principal and head teacher of the school in Anaktuvak Pass, a small Eskimo village. M.S., a fourteen-year-old, slightly-retarded girl, was one of his students.

On the night of January 9, 1981, M.S., her mother and several other residents of Anaktuvak Pass went to Goulden's home for a party. The guests were drinking alcohol and smoking marijuana until approximately 11:00 p.m. when a fight started. Neither Goulden nor M.S. were involved in the fight. The local constable was contacted, the fight stopped and the party terminated. In the course of stopping the fight, it was discovered that M.S.'s mother was in need of detoxification and so she was left at the constable's office. M.S. and Goulden returned to his apartment alone. M.S. testified that they had sexual intercourse at that time. Goulden denies this and continues to maintain his innocence.

Goulden had no prior record. There is also no evidence that he has made a practice of subjecting female students and employees to sexual harassment. There is no suggestion in the record that Goulden had seduced M.S. during school hours or at the school, or in fact had any prior sexual contact with her prior to the night in question. The trial court treated the offense as an isolated episode. As a result of his conviction, Goulden lost his teaching certification and will never be permitted to teach again. At the age of forty-three, he must establish a new trade or occupation.

The trial court found the offense substantially mitigated. He found no force to have been used and concluded, based on evidence which was not included in the record on appeal, that M.S. was sexually experienced and had not been damaged by her experience with Goulden. *Judge Hodges* carefully considered the *Chaney* sentencing criteria. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970). He concluded that Goulden was not dangerous and appeared susceptible to rehabilitation but that the nature of the offense, an abuse of a trust relationship between student and teacher, required a prison sentence as an affirmation of community norms, and as a deterrent to others who might abuse similar positions of trust.

Sexual abuse of a minor is a class C felony. AS 11.41.440(b). The maximum penalty is five years' imprisonment. The presumptive terms for second and third felony offenders are respectively two and three years imprisonment. As a first offender, Goulden was not subject to presumptive sentencing.

## PRIOR CRIMINAL HISTORY AND THE LIKELIHOOD OF REHABILITATION

The trial court found no lasting injury to Goulden's victim. Goulden has no criminal history and therefore has never been on probation. These factors militate in favor

of a sentence that would not require incarceration. *Leuch v. State,* 633 P.2d 1006, 1013–14 (Alaska 1981) (defendant who is a first offender convicted of a property offense should receive a suspended sentence, *i.e.,* less than sixty days' incarceration, in absence of violence or threat of violence). It does not appear that the *Leuch* court, in specifying property crimes, intended to exclude other offenses which would now be characterized as class C offenses from the operation of the rule it established.

Nevertheless, the legislature has only penalized noncommercial, consensual, sexual relations where the victim was particularly vulnerable. It is significant that someone Goulden's age who has consensual sexual relations with someone M.S.'s age, who is entrusted to his care under authority of law, is guilty of a class A felony, AS 11.41.-410(a)(4)(A); but only a class C felony where she is M.S.'s age but otherwise free from the defendant's influence, AS 11.41.-440(a)(1). Since Goulden's position as head of the school approximates the more serious conduct governed by AS 11.41.410(a)(4)(A), it was not unreasonable for the trial court to consider him a worst offender, AS 12.55.-155(c)(10), and this case a particularly serious example of the conduct proscribed by AS 11.41.440. *See Fee v. State,* 656 P.2d 1202 (Alaska App., 1982) (finding based upon verified facts that defendant committed greater offense warrants conclusion that his conduct is among the most serious conduct for a lesser offense to which he pleads or for which he is convicted. AS 12.55.155(c)(10)). While severe, Goulden's sentence was not clearly mistaken. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

The judgment and sentence of the superior court are AFFIRMED.