Edward M. BRAKES, III, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2934.

Court of Appeals of Alaska.

Aug. 17, 1990.

Margaret W. Berck, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Edward M. Brakes, III, was seventeen years old on January 23, 1988, when a vehicle in which he was riding left the road and crashed. Tony D. Kokotovich, a passenger, died. Scott Stringer and Joseph M. Tompkins, two other passengers, suffered serious injuries. As a result of the accident, Brakes, who owned the vehicle involved, was charged with one count of manslaughter, in violation of AS 11.41.-120(a)(1), and two counts of assault in the first degree, in violation of AS 11.41.-200(a)(1). Because of Brakes' age, these charges were brought in the juvenile court. *See* AS 47.10.010(a)(1).[1] The state initially sought waiver of juvenile jurisdiction so that Brakes could be tried as an adult, *see* AS 47.10.060 (waiver of juvenile jurisdiction), but withdrew the application after receiving a psychological evaluation of Brakes. The state then brought a parallel adult proceeding in the district court charging Brakes with driving while intoxicated (DWI), in violation of AS 28.35.030(a)(2) and former AS 47.10.010(b).[2]

---

1. AS 47.10.010(a)(1) provides:

   *Jurisdiction.* (a) Proceedings relating to a minor under 18 years of age residing or found in the state are governed by this chapter, except as otherwise provided in this chapter, when the court finds the minor
   (1) to be a delinquent minor as a result of violating a criminal law of the state or of a municipality of the state....

2. Former AS 47.10.010(b) provides:

   When a minor is accused of violating a traffic statute or regulation, a traffic ordinance or regulation of an incorporated municipality, a fish and game statute or regulation under AS 16 or a parks and recreational

facilities statute or regulation under AS 41.21, excepting a statute the violation of which is a felony, the procedure prescribed in AS 47.10.-020—47.10.090 may not be followed, except that a parent, guardian or legal custodian shall be present at all proceedings. The minor accused of a traffic offense, a fish and game statute or regulation or violation under AS 16 or parks and recreational facilities violation under AS 41.21 shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult.

This provision has been interpreted as applicable to all traffic misdemeanors including serious offenses for which substantial jail time may be imposed. *See, e.g., State v. G.L.P.,* 590 P.2d

The state's theory of the case was that Brakes was driving his vehicle while intoxicated at the time it left the road, causing the death of one passenger and serious injury to two others. In contrast, Brakes defended on the theory that some time before the accident, Joseph Tompkins took over the driving. Brakes supported this theory with the testimony of an accident reconstruction expert and circumstantial evidence. The jury acquitted Brakes of all charges. Brakes then moved to have the DWI charges dismissed on the grounds that prosecuting him for drunk driving after his acquittal of manslaughter and assault would place him twice in jeopardy for the same offense. U.S. Const. amend. V; Alaska Const. art. 1, § 9.

The trial court agreed in part and dismissed the complaint, but indicated that Brakes could be prosecuted for drunk driving earlier in the evening. The trial court relied on *Calder v. State*, 619 P.2d 1026, 1029–30 (Alaska 1980), where the supreme court permitted one continuous course of reckless driving to be charged as two separate offenses. The factual basis for the two reckless driving convictions arguably consisted of separate conduct, as presented to the jury in the parties' respective theories of the case. The state accepted the trial court's suggestion and filed a supplemental complaint charging Brakes with drunk driving earlier in the evening. It gave notice, however, that it intended to argue at sentencing that Brakes in fact had been driving at the time of the accident, and that the death and injuries should serve to aggravate Brakes' sentence for DWI. Brakes objected, arguing that relying on conduct for which he had been acquitted to enhance his sentence would vio-

late double jeopardy and due process of law. U.S. Const. amend. XIV; Alaska Const. art. 1, §§ 7, 9.

Brakes entered a no contest plea to the amended DWI charge and was sentenced to one year in jail with six months suspended. He was placed on probation for a period of five years with a condition of probation that he perform 500 hours of community work service. Additionally, his driver's license was revoked for three years. The court, in determining the sentence, found by a preponderance of the evidence that Brakes was driving at the time of the fatal accident. Brakes appeals, we affirm.

## DISCUSSION

■ Brakes first argues that the trial court violated his right to protection against double jeopardy and due process when it sentenced him for DWI. He points out that the court had previously dismissed the DWI charge on ·double jeopardy grounds following his acquittal in juvenile court on related charges of manslaughter and assault.[3]

Brakes seems to be arguing that because he was acquitted of a greater offense it was fundamentally unfair for Superior Court Judge Walter L. Carpeneti to sentence him for a lesser offense (DWI) based upon an assumption, no matter how supported by verified facts, that the defendant committed the greater offense (manslaughter and assault). We have rejected this argument a number of times. *See Schnecker v. State*, 739 P.2d 1310, 1312–13 (Alaska App.1987); *Benboe v. State*, 698 P.2d 1230, 1232 (Alaska App.1985); *Breze-*

65 (Alaska 1979) (minor charged with "joy riding," a misdemeanor prosecuted as an adult under AS 47.10.010(b)).

**3.** Brakes did not argue in the trial court that his DWI conviction, as opposed to the sentence imposed, subjected him to double jeopardy. He does not challenge his conviction on appeal. *But see Mars v. Mounts*, 895 F.2d 1348 (11th Cir.1990) (setting aside a conviction on double jeopardy grounds under similar circumstances); *cf. Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Corbin v. Hillery*, 74 N.Y.2d 279, 545 N.Y.S.2d 71, 543 N.E.2d 714

(1989), *aff'd sub nom. Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Brakes seems to concede that he did not dispute at trial the evidence that he was driving while intoxicated shortly before the accident, he only disputed that he was driving, whether intoxicated or not at the time of the accident. Consequently, he seems to concede that the jury did not consider whether he was driving at the earlier time when it acquitted him, so that *Calder* would control. *See Calder*, 619 P.2d at 1029–30.

*noff v. State*, 658 P.2d 1359, 1363 (Alaska App.1983); *Fee v. State*, 656 P.2d 1202, 1204–06 (Alaska App.1982); *Huckaby v. State*, 632 P.2d 975, 976 (Alaska App.1981).

> In *Fee*, we stressed that while a trial court may, within statutory limits, impose a severe sentence for a lesser crime on the ground that the accused actually committed a greater crime, such a determination must be based either on an admission of the defendant or on verified facts in the record.

*Schnecker*, 739 P.2d at 1312 (citing *Fee*, 656 P.2d at 1205). In the instant case, it does not appear that Brakes entered his no contest plea in detrimental reliance on a promise that his sentence would not exceed the sentence he actually received. Nor is there anything in the record to suggest that Brakes' plea was dependent on an implied promise that the facts of the accident would not be taken into account at his sentencing.

As we said in *Fee*, 656 P.2d at 1204 (citations omitted):

> A defendant can only be sentenced to a penalty appropriate for the crime for which he is convicted or to which he pleads. A jury verdict or a plea of guilty or *nolo contendere* serves to place a ceiling on the sentence that may be imposed. Nevertheless, in determining an appropriate sentence, the trial judge must evaluate the defendant and the crime or crimes which he has committed. In so doing, the judge must independently review the facts and make findings which, if supported by substantial evidence, would be sustained on appeal. One of the factors which trial judges consider in determining an appropriate

sentence is whether a defendant is a "worst offender." In order to make this determination, the trial judge must determine precisely what the defendant did. Where the defendant pleads guilty to a lesser offense and a review of the facts establishes that he, in fact, committed a greater offense, the court may legitimately find that he is a worst offender for purposes of sentencing him for the lesser offense.

We have applied the same rule where the defendant was charged with a greater offense, acquitted of that offense, but convicted of a lesser offense. *See, e.g., Ridgely v. State*, 739 P.2d 1299, 1302 (Alaska App.1987). In *Ridgely*, Shelley Bosch was charged with first-degree murder. The jury acquitted her of first-degree murder and convicted her of second-degree murder, apparently reasoning that she had not intended to kill the victim. The trial court re-evaluated the facts at sentencing, concluded that Bosch had intended to kill the victim, despite the acquittal, and imposed a maximum ninety-nine-year sentence, which we affirmed on appeal. *Id.* We reached a similar conclusion in *Huckaby*, where the defendant was charged with negligent homicide on facts substantially similar to those in the instant case. The jury acquitted him of negligent homicide, but convicted him of reckless driving. We held that the trial court did not err in concluding that Huckaby had, in fact, caused the death of his victims recklessly and as a result imposing a maximum sentence for the lesser offense—reckless driving.[4] *Huckaby*, 632 P.2d at 976–77.

---

**4.** Since the issues have not been briefed, we do not decide whether DWI is a lesser-included offense of traffic manslaughter or traffic felony assault. *See Corbin*, 545 N.Y.S.2d at 77 n. 7, 543 N.E.2d at 720 n. 7. *Compare Comeau v. State*, 758 P.2d 108, 117 (Alaska App.1988) (reckless and negligent driving are lesser-included offenses of DWI *with St. John v. State*, 715 P.2d 1205, 1207–11 (Alaska App.1986) (evidence that a person drove while intoxicated and caused death establishes *prima facie* case of manslaughter and by extension traffic felony assault). Nor do we decide whether a person prosecuted in a delinquency proceeding for traffic manslaugh-

ter is upon request entitled to a lesser-included offense instruction on DWI, despite the fact that DWI is not an offense triable in a delinquency proceeding. *See Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) (considering an analogous issue under 18 U.S.C. § 1153 (the Major Crimes Act (on Indian reservations)); *Felicia v. United States*, 495 F.2d 353 (8th Cir.), *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974); *Padie v. State*, 557 P.2d 1138 (Alaska 1976) (where statute of limitations had run on lesser offense but not on greater offense).

The reason why double jeopardy and due process are not implicated when a person who has been acquitted of certain conduct is sentenced on the basis that the conduct occurred, rests on the differing burdens of proof. In order to convict a defendant of an offense, the state must prove guilt beyond a reasonable doubt. In contrast, a trial court imposing sentence, may rely on any information that is verified in the record. *See Nukapigak v. State,* 562 P.2d 697, 701–02 (Alaska 1977), *aff'd on reh'g,* 576 P.2d 982 (Alaska 1978).[5]

The federal court seems to have uniformly held that a trial court may consider conduct for which the defendant was acquitted in determining an appropriate sen-

tence for the offense for which a defendant was convicted. *See United States v. Bernard,* 757 F.2d 1439, 1444 (4th Cir.1985); *United States ex rel. Goldberg v. Warden,* 622 F.2d 60, 63 (3d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980); *United States v. Bowdach,* 561 F.2d 1160, 1175–76 (5th Cir.1977); *United States v. Cardi,* 519 F.2d 309, 314 n. 3 (7th Cir.1975); *United States v. Atkins,* 480 F.2d 1223, 1224 (9th Cir.1973); *United States v. Sweig,* 454 F.2d 181, 183–84 (2d Cir.1972). *Cf. United States v. Campbell,* 684 F.2d 141, 152–55 (D.C.Cir.1982) (affirming the trial court's sentence based upon evidence introduced with respect to crimes of which the defendant was acquitted but

5. We have never articulated a standard of proof for disputed factual issues at sentencing. *See Willard v. State,* 662 P.2d 971, 975 (Alaska App. 1983); *Huckaby,* 632 P.2d at 976 n. 2. Brakes argues that the standard should be "clear and convincing evidence," the standard that is applied to findings of aggravating and mitigating factors under AS 12.55.155. We agree with the state that the proper standard, at least regarding the circumstances constituting the offense at a misdemeanor sentencing, is the preponderance of the evidence standard. *See McMillan v. Pennsylvania,* 477 U.S. 79, 91–93, 106 S.Ct. 2411, 2418–2420, 91 L.Ed.2d 67 (1986). We find support for this position in the American Bar Association's Standards where the authors state:

> In reaching its findings on all controverted issues ..., the sentencing court should employ the preponderance of the evidence standard and may treat the contents of a verified presentence report as presumptively accurate, provided, however, that material factual allegations made in the presentence report and effectively challenged by the defendant should not be deemed to satisfy the government's burden of persuasion unless reasonable verification of such information can be shown to have been made ... or adequate factual corroboration otherwise exists in the sentencing or trial record.

III *Standards for Criminal Justice* § 18–6.4(c) (2d ed. 1980).

We find further support for this position in the fact that federal courts have uniformly held that factual determinations under the new federal sentencing guidelines may be made by a preponderance of the evidence and that [n]o greater standard of proof is required by due process. *United States v. Terzado–Madruga,* 897 F.2d 1099 (11th Cir.1990); *United States v. Frederick,* 897 F.2d 490 (10th Cir.1990); *United States v. Howard,* 894 F.2d 1085 (9th Cir.1990); *United States v. Gooden,* 892 F.2d 725 (8th Cir. 1989), *cert. denied,* — U.S. —, 110 S.Ct. 2594,

110 L.Ed.2d 274 (1990); *United States v. Silverman,* 889 F.2d 1531 (6th Cir.1989); *United States v. Casto,* 889 F.2d 562 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1164, 107 L.Ed.2d 1067 (1990); *United States v. Burke,* 888 F.2d 862 (D.C.Cir.1989); *United States v. White,* 888 F.2d 490 (7th Cir.1989); *United States v. McDowell,* 888 F.2d 285 (3d Cir.1989); *United States v. Guerra,* 888 F.2d 247 (2d Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990); *United States v. Urrego–Linares,* 879 F.2d 1234 (4th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989); *United States v. Wright,* 873 F.2d 437 (1st Cir. 1989).

We stress, however, that our holding is limited to verified facts offered in cases of non-presumptive sentencing. In *Austin v. State,* 627 P.2d 657 (Alaska App.1981), we held that a first felony offender convicted of an offense should normally receive a more favorable sentence than the presumptive sentence for a second offender. In only exceptional cases would a sentence equal to or greater than a second offender's presumptive term be sustained on appeal. *Id.* at 658. In later cases we have indicated that "exceptional cases" involve statutory aggravating factors, AS 12.55.155, or extraordinary circumstances permitting referral to a three-judge panel, AS 12.55.165–.175, which would warrant an enhanced sentence for someone presumptively sentenced. *Luepke v. State,* 765 P.2d 988, 990 (Alaska App.1988); *Brezenoff,* 658 P.2d at 1362. Where the state relies on factual determinations to enhance a sentence in conformity with the *Austin* rule, we may require clear and convincing evidence in order to insure that *Austin* is not undermined. *Cf.* III *Standards for Criminal Justice* § 18–6.5(b)(ii) (2d ed. 1980) (requiring findings of fact by clear and convincing evidence where used to impose an enhanced penalty). We reserve this question for decision in an appropriate case.

"declining to pursue *Sweig,* to its ultimate reading").

The federal courts have continued to apply this rule despite the adoption of sentencing guidelines. *See United States v. Rodriguez–Gonzalez,* 899 F.2d 177, 180–81 (2d Cir.1990); *United States v. Mocciola,* 891 F.2d 13, 17 (1st Cir.1989) (rejecting double jeopardy challenge); *United States v. Isom,* 886 F.2d 736, 738 (4th Cir.1989) (rejecting due process challenge); *United States v. Juarez–Ortega,* 866 F.2d 747, 749 (5th Cir.1989) (per curiam) (rejecting claim that trial judge, in considering acquitted conduct, overrode jury's determination of a fact); *United States v. Ryan,* 866 F.2d 604, 608–10 (3d Cir.1989) (rejecting claim that departure from guidelines on the basis of acquitted conduct was unreasonable). *But see United States v. Perez,* 858 F.2d 1272, 1277–78 (7th Cir.1988) (observing that the consideration of a prior acquittal is permissible as long as acquittal is not relied upon to enhance sentence); *United States v. Plisek,* 657 F.2d 920, 929–30 (7th Cir.1981) (Swygert, J., dissenting) (not allowing trial court to use prior acquittal to enhance later sentence).

Finally, separate prosecutions in juvenile and adult court appear to be required by statute so that in this case there is no appearance of vindictiveness in the state's actions. *Cf. State v. Williams,* 730 P.2d 806, 809 (Alaska 1987) (Burke, J., concurring) (finding vindictiveness on distinguishable facts).

We therefore conclude that the trial court did not err in independently evaluating the facts and determining, if based upon substantial evidence, that Brakes was driving at the time of the accident.

■ Brakes argues that this finding was not supported by substantial evidence. Our review of the record indicates that the vehicle involved in the accident was Brakes' and that he was placed in the driver's seat by witnesses shortly before the accident. Under the circumstances, the tri-al judge's finding that Brakes was driving is not clearly erroneous.

■ Brakes also argues that his sentence was excessive. He points out that he was a model student who had substantial academic achievements, that he had never been convicted of a felony or previously been convicted of DWI. Judge Carpeneti could properly conclude that Brakes' driving while intoxicated was particularly serious because he was driving recklessly and at a high rate of speed when he left the party a short time before the accident occurred. Brakes had a prior conviction for speeding and what is more troublesome, he had a second conviction for speeding after the accident apparently while the manslaughter and assault charges were still pending. The fact that Brakes was convicted of speeding after the accident supports the trial court's finding that Brakes poses a danger to the public based on his apparent lack of understanding (or callous disregard) of the seriousness of his conduct.

The trial court could properly take into account the fact that one person died and two others were severely injured as a result of Brakes' conduct. *See State v. Dunlop,* 721 P.2d 604, 610 (Alaska 1986) (serious injuries are foreseeable risk of drunk driving); *Brown v. Anchorage,* 764 P.2d 322 (Alaska App.1988) (upholding sentence of 360 days with 240 days suspended; although causing injury to another person is not an element of DWI, it was a foreseeable result of the conduct and aggravates the offense).

■ The judgment and sentence of the superior court are AFFIRMED.[6]

---

6. Brakes argues the trial court erred when it denied his request to continue sentencing in order to provide additional evidence that he had not been driving. An examination of the record establishes that Brakes sought a continuance in order to petition this court for review of the trial court's decision to consider the fact that Brakes was driving at the time of the accident in

imposing sentence. That issue is moot. Counsel did not indicate to the trial court and has not indicated on appeal what additional evidence would be available on this issue. We note that the issue figured prominently at the trial of the juvenile case where expert testimony was taken, and a substantial record established on this issue. The same judge presided over the juvenile case and the adult case. Under the circumstances, in the absence of a specific offer of proof, the trial court did not err in declining to continue sentencing.