**Shane Dwayne BUOY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3656.**

Court of Appeals of Alaska.

Oct. 25, 1991.

Tricia Collins, Juneau, for appellant.

Richard Svobodny, Dist. Atty., and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

BRYNER, Chief Judge.

This sentence appeal requires us to determine what standard of proof applies to the resolution of factual issues arising under the rule in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981).

Shane Dwayne Buoy entered a plea of no contest to one count of criminally negligent homicide, a class C felony. The conviction was based on Buoy's having supplied another person with information that facilitat-

\* Sitting by assignment made pursuant to article

ed the commission of a burglary and robbery at the home of Buoy's grandfather, who was killed in the course of the crimes.

Criminally negligent homicide is a class C felony, punishable by a maximum term of five years. AS 11.41.130(b); AS 12.55.-125(e). Presumptive terms of two and three years are specified for second and subsequent felony offenders convicted of class C felonies; no presumptive term is prescribed for first felony offenders. *Id.*

As a first felony offender, Buoy was not subject to presumptive sentencing. However, his case was governed by *Austin v. State*, in which this court held that first felony offenders convicted of offenses for which no presumptive term is specified should normally receive more favorable sentences than the presumptive term for second felony offenders convicted of like crimes. 627 P.2d at 657–58. We indicated in *Austin* that this rule should be deviated from only in exceptional cases. *Id.* Subsequently, in *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983), we decided that, for purposes of the *Austin* rule, an exceptional case is one in which there are significant aggravating factors as specified in AS 12.55.155(c), or the kind of exceptional circumstances that would warrant referral to the three-judge panel for enhancement of the presumptive term pursuant to AS 12.55.165–.175.

In the present case, the total sentence of five years with three years suspended imposed by Judge Pegues exceeded the two-year presumptive term for a second felony offender convicted of a class C felony. Thus, under the *Austin* rule, the sentence could be justified only by an express finding of significant aggravating factors or extraordinary circumstances. In imposing Buoy's sentence, Judge Pegues did specifically find that the case was exceptionally aggravated. Judge Pegues indicated that, although Buoy had been convicted only of criminally negligent homicide, his conduct had actually amounted to manslaughter, a more serious class of crime. Given this finding, Buoy's case was subject to AS 12.55.155(c)(10), which provides that an ag-

IV, section 16 of the Alaska Constitution.

gravating factor may be found when "the conduct constituting the offense was among the most serious conduct included in the definition of the offense[.]"

In concluding that Buoy's conduct amounted to manslaughter, however, Judge Pegues relied on the preponderance of the evidence standard:

So quite frankly I think that it is an extraordinary crime. I think that when we say its the worst of its class it's because it [was] probably manslaughter. If [I] were certain it were manslaughter and this were like the difference between first-degree and second-degree sexual assault, if ... we knew there was sexual penetration and there had been a plea to a lesser crime, if I had that kind of evidence that there were manslaughter I'd give him five years. It would be the only appropriate sentence. I think the sentence that's been recommended under these circumstances is lenient....

. . . .

... But we're talking about the disposition phase, we're talking about what type of crime this was and what is the character of the offender. And that's—it's enough there to be more likely than not, and I think it's more likely than not that this was manslaughter.

On appeal, Buoy argues that the sentencing court erred in relying on the preponderance of the evidence standard for purposes of finding an exception to the *Austin* rule. This is an issue that we expressly reserved in *Brakes v. State*, 796 P.2d 1368, 1372 n. 5 (Alaska App.1990). In *Brakes*, we noted that AS 12.55.155(f) requires proof of aggravating and mitigating factors by clear and convincing evidence. We nevertheless adopted preponderance of the evidence as the standard of proof generally applicable to factual determinations in nonpresumptive sentencing proceedings. *Id.* We then discussed the question of whether to apply the clear and convincing evidence standard in the context of *Austin* rule issues:

We stress, however, that our holding [adopting the preponderance of the evidence standard] is limited to verified facts offered in cases of non-presumptive

sentencing. In *Austin v. State*, 627 P.2d 657 (Alaska App.1981), we held that a first felony offender convicted of an offense should normally receive a more favorable sentence than the presumptive sentence for a second offender. In only exceptional cases would a sentence equal to or greater than a second offender's presumptive term be sustained on appeal. *Id.* at 658. In later cases we have indicated that "exceptional cases" involve statutory aggravating factors, AS 12.55.155, or extraordinary circumstances permitting referral to the three-judge panel, AS 12.55.165–.175, which would warrant an enhanced sentence for someone presumptively sentenced. Where the state relies on factual determinations to enhance a sentence in conformity with the *Austin* rule, we may require clear and convincing evidence in order to insure that *Austin* is not undermined. *Cf.* III *Standards for Criminal Justice* § 18–6.5(b)(ii) (2d ed. 1980) (requiring findings of fact by clear and convincing evidence where used to impose an enhanced penalty). We reserve this question for decision in an appropriate case.

*Id.* (citations omitted).

Although we did not decide the issue in *Brakes*, our discussion in that case clearly foreshadows the correct resolution. As we suggested in *Brakes*, application of the preponderance of the evidence standard to *Austin* rule determinations would undermine the rule, for it would inevitably allow some first offenders to receive sentences more severe than would have been permissible had they been subject to presumptive sentencing by virtue of a prior felony conviction. It is precisely this anomaly that the *Austin* rule was meant to avoid.

The appropriateness of extending the clear and convincing evidence standard to the *Austin* rule context is also indicated in *Wylie v. State*, 797 P.2d 651, 662 (Alaska App.1990), which we decided at approximately the same time as *Brakes*. In *Wylie*, we reviewed the procedural safeguards associated with the determination of aggravating and mitigating factors in presump-

tive sentencing cases and concluded that similar safeguards were warranted in cases involving *Austin* rule determinations:

> Before a second or third felony offender can receive a sentence in excess of the appropriate presumptive term, the state must give notice of aggravating factors and present clear and convincing evidence to establish them. AS 12.55.155(f).

In evaluating the *Austin* rule in the past, we have not been as strict in reviewing aggravating factors as in cases where presumptive sentencing applies. On reflection, we are satisfied that unless a first felony offender is given advance notice of proposed aggravating factors, there is a substantial risk that the *Austin* rule will be undermined. In such a case, a first felony offender may in fact receive a more serious sentence than the same person with the same background committing the same offense would receive as a second felony offender. Henceforth, we will require prior notice to the defendant before approving deviations from the *Austin* rule.

*Id.* (footnote omitted).

As with *Brakes*, although our holding in *Wylie* stopped short of explicitly extending the clear and convincing evidence standard

to *Austin* rule determinations, it clearly foreshadowed such an extension.

In the present case, the state has advanced no reasons to favor adoption of the preponderance of the evidence standard to the determination of aggravating factors or extraordinary circumstances in cases involving the *Austin* rule. Given *Brakes* and *Wylie*, we conclude that such determinations should be made by clear and convincing evidence.

Here, we cannot say whether the sentencing court would have reached the same conclusion under the clear and convincing evidence standard that it reached under the preponderance of the evidence standard. For this reason, we find it necessary to vacate Buoy's sentence and to remand this case for further consideration under the clear and convincing evidence standard.[1]

The sentence is VACATED; this case is REMANDED for further proceedings in conformity herewith.

MANNHEIMER, J., not participating.

---

1. Buoy has separately argued that the sentencing court erred in failing to order a suspended imposition of sentence in his case. Because the merits of this claim turn in part on the validity of the court's conclusion that Buoy's case is exceptionally aggravated, we do not resolve the issue at this time.