**Lori S. WELSH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–11197.

Court of Appeals of Alaska.

Dec. 13, 2013.

---

Hannah E. King (briefs) and Hanley R. Robinson (oral argument), Assistant Public Defenders, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Mary Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and COATS, Senior Judge *.

## OPINION

MANNHEIMER, Judge.

Lori S. Welsh was convicted of third-degree theft for stealing pain medication pills from the veterinary clinic where she worked. As part of her sentence, the district court ordered Welsh to pay restitution to the clinic for the retail value of the pills—*i.e.*, the amount of money that these pills would have sold for, if the clinic had sold them to paying customers. In this appeal, Welsh argues that the district court should have ordered her to pay restitution for the wholesale value of the pills—*i.e.*, the amount of money that the clinic paid for the pills.

There was a significant difference between the retail value of the pills and the wholesale value of the pills. According to the testimo-

ny, the clinic bought the pills for 3 cents apiece, but the clinic sold the pills for an average of 76 cents apiece.

The district court ordered Welsh to pay the higher figure based on the rationale that Welsh had been unjustly enriched in an amount equal to 76 cents per pill. The court reasoned that Welsh "should not obtain a better result" by stealing the pills than if she had purchased the pills as a retail customer. But we conclude that this reasoning is inconsistent with Alaska's restitution statutes.

Two statutes govern awards of restitution in criminal cases, because these awards can be imposed in two different ways: as a direct provision of the defendant's sentence, or as a condition of the defendant's probation.

The statute that governs restitution as a condition of probation, AS 12.55.100(a)(2), specifies that the restitution should be "for actual damages or loss caused by the crime for which [the] conviction was had."

The statute that governs restitution as a direct provision of a sentence, AS 12.55.045(a), does not explicitly declare that the restitution should be for "actual damages or loss". However, the statute does specify that the restitution should be paid "to the victim or other person *injured* by the offense" (emphasis added), and the statute declares that, when the sentencing court determines the amount of restitution, the court "shall take into account the ... public policy that favors requiring criminals to *compensate for damages and injury* to their victims", as well as "[the] *financial burden* placed on the victim ... and other persons injured by the offense". (Again, emphasis added)

These phrases suggest that AS 12.55.045(a), like its sibling AS 12.55.100(a)(2), was intended to authorize courts to impose restitution for the actual damages or loss suffered by the victim or other injured person.

Moreover, it would be anomalous to construe the two statutes differently—to limit restitution orders to the amount of actual

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and

Administrative Rule 23(a).

damages or loss when the restitution is imposed as a condition of the defendant's probation under AS 12.55.100(a)(2), but allow the sentencing court to order the defendant to pay a greater amount when the restitution is a direct provision of the defendant's sentence under AS 12.55.045(a).

We also note that even though the district court's stated intention was to negate any unjust enrichment for Welsh, there remains an element of unjust enrichment in the district court's decision to award restitution to the veterinary clinic based on the retail value of the pills (76 cents apiece) rather than the wholesale value (3 cents apiece). By ordering Welsh to pay the clinic 76 cents for every stolen pill, the district court has essentially ordered Welsh to fund the clinic's future purchase of twenty-five times as many pills as were stolen.

In past decisions, this Court has noted the differing wording of the two statutes, and we have suggested—but never directly held—that the two statutes should be construed *in pari materia,* so that restitution in criminal cases would be limited to actual damages regardless of whether the restitution was made a direct part of the defendant's sentence or a condition of the defendant's probation. *See Noffsinger v. State,* 850 P.2d 647, 650 (Alaska App.1993); *Fee v. State,* 656 P.2d 1202, 1206 (Alaska App.1982).

▪ We now hold that restitution under either statute should be assessed according to the damages or loss arising from the defendant's crime, and not the amount of the defendant's unjust gain. Accordingly, we reverse the district court's restitution order in this case, and we direct the court to enter a restitution order based on the veterinary clinic's loss.

We do not say that the revised amount of restitution must be limited to the wholesale cost of the stolen pills—because that amount of restitution might not wholly cover the clinic's actual damages or loss. *See State v. Hall,* 297 Kan. 709, 304 P.3d 677 (2013) (discussing the proper amount of restitution in a similar case of theft from an animal clinic). But the restitution order must be based on the clinic's loss, not Welsh's gain.

This portion of the district court's judgement is REVERSED, and the district court is directed to re-assess the amount of restitution in accordance with this opinion.