**George N. BROWN, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. A–2405.**

Court of Appeals of Alaska.

Nov. 25, 1988.

William B. Oberly, Gorton & Oberly, Anchorage, for appellant.

John E. McConnaughy, III, Asst. Mun. Prosecutor, and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

George N. Brown pled no contest to driving while intoxicated (DWI) Anchorage Municipal Code (AMC) § 09.28.020.[1] District Court Judge Ralph Stemp, sentenced Brown to 360 days with 240 days suspended, placed Brown on probation for three years, revoked Brown's license for one year, directed Brown to pay a fine of $250.00 and to pay restitution in the amount of $2,000.00, and ordered Brown to attend alcohol screening. Brown appeals his sentence as excessive. We affirm.

On the evening of September 30, 1987, Brown was traveling southbound on McRae Street in Anchorage when he struck James King, a blind pedestrian. King suffers from tunnel vision and is legally blind, but can observe movement and can distinguish light and dark. King testified that Brown was driving without his headlights on at the time of the accident. Brown's testimony vigorously disputes this contention. The police determined that Brown's blood alcohol level at the time of the accident was approximately .112. Skid marks at the scene revealed that Brown had been traveling 40 m.p.h. in a 25 m.p.h. zone. King suffered a broken left wrist, a broken left leg, and several cuts as a result of the accident.

At sentencing, Brown expressed remorse for the incident and pointed out that this was his first DWI offense. The sentencing court agreed that Brown's prospect for rehabilitation was favorable in light of Brown's lack of a prior criminal record and his sincere expression of remorse. Nonetheless, the court concluded that four months of jail time was needed to deter both Brown and others from the future commission of DWI offenses. Brown subsequently moved to modify the sentence on the ground that it exceeded the terms imposed on similarly situated defendants. The court denied the motion. On appeal, Brown raises essentially the same argument he presented below.

We reject Brown's argument. We note that King received substantial injuries from the accident. Although causing injury to another person is not an element of the offense of driving while intoxicated, it is a foreseeable result of this conduct and aggravates the offense. *See generally State v. Dunlop*, 721 P.2d 604, 609–10 (Alaska 1986). In concluding that this was a particularly serious DWI offense, the court properly considered the fact that Brown struck and injured King while Brown was driving while intoxicated. Given these circumstances, we do not believe the sentence is clearly mistaken. Nor do we find that the court erred when it declined to modify the sentence. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Accordingly, the sentence is AFFIRMED.

---

1. A charge of reckless driving, AMC § 09.28.010A, was dismissed as part of the plea agreement.