**Jerry K. COLLINS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3785.**

Court of Appeals of Alaska.

Aug. 30, 1991.

Matthew W. Claman, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Susan A. Parkes, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Jerry K. Collins pleaded no contest to second-degree sexual assault, AS 11.41.-420(a)(1), and fourth-degree assault, AS 11.-41.230(a)(3). Collins appeals the five-year term of imprisonment he received for second-degree sexual assault. We remand for further proceedings.

Second-degree sexual assault is a class B felony; the presumptive term for a second felony offender is four years. AS 12.55.-125(d)(1). Collins was a first felony offender for presumptive sentencing purposes. Under *Austin v. State*, 627 P.2d 657 (Alaska App.1981), the superior court should not have sentenced Collins to a term of imprisonment of four years or more unless it found that his case was exceptional, based upon either statutory aggravating factors listed in AS 12.55.155(c) or non-statutory aggravating factors that would justify referring his case to the three-judge sentencing panel under AS 12.55.165.

When Superior Court Judge Rene J. Gonzalez sentenced Collins, he relied upon the fact that Collins had used a knife during the sexual assault—an aggravating factor under AS 12.55.155(c)(4). Judge Gonzalez also relied on the fact that Collins had committed four burglaries as a juvenile, offenses that would have been felonies if Collins had been an adult—an aggravating factor under AS 12.55.155(c)(19). Judge Gonzalez believed that these aggravating factors justified a sentence within the range of four to six years' imprisonment, the benchmark range recognized in *State v. Jackson*, 776 P.2d 320 (Alaska App.1989), for aggravated first-offense class B felonies. As noted above, Judge Gonzalez sentenced Collins to five years' imprisonment.

At the time of sentencing, Collins made no objection to Judge Gonzalez's reliance on the two aggravating factors. But on appeal Collins complains that he received no advance notice of the two factors. He relies upon the rule announced in *Wylie v. State*, 797 P.2d 651, 662 (Alaska App. 1990), that the prosecutor should give a defendant advance notice if the prosecutor intends to rely upon aggravating factors to argue for an enhanced sentence under *Austin*. However, as Collins concedes in his brief, the prosecuting attorney at Collins's sentencing did not ask the court to impose

a sentence of more than four years to serve.

 Collins also relies upon *Hartley v. State*, 653 P.2d 1052 (Alaska App.1982). In *Hartley*, this court ruled that, when a sentencing judge sees that aggravating or mitigating factors apply in a presumptive sentencing case, the judge must consider these factors even if the parties have not recognized their applicability or argued their importance. 653 P.2d at 1055–56. However, when aggravating or mitigating factors are raised by the court *sua sponte*, the court must give the parties an opportunity to present evidence for or against the proposed factors and to argue the applicability and importance of the proposed factors. 653 P.2d at 1056.

*Hartley* was decided several years before *Wylie*, and this court has never considered whether the *Hartley* rule requiring judges to give advance notice of aggravating and mitigating factors in presumptive sentencing cases should apply to non-presumptive sentencing cases involving the *Austin* rule. Although the goal of promoting uniformity of practice certainly argues in favor of extending *Hartley* to these situations, there are countervailing considerations. Prosecuting attorneys will, from time to time, raise aggravating factors based upon facts not yet in evidence, but a judge will have no knowledge of aggravating or mitigating factors other than those present in the record already available to both parties. Thus, it would be unusual for a judge to raise an aggravating factor that was unforeseeable to the defendant.

Collins's case provides an example of this point. The state vigorously argues in its brief that Collins was not surprised by the two aggravating factors. Collins was aware of his own prior juvenile record; details of Collins's delinquency adjudication were included in the pre-sentence report in this case. And, when Collins entered his no contest plea, he expressly stipulated that he had used a knife during the sexual assault. The state's conclusion—that Collins was neither surprised nor prejudiced by Judge Gonzalez's reliance on the two aggravators—also finds support in the fact that Collins did not make a contemporaneous objection to the judge's use of the two aggravating factors.

On the whole, however, we believe the better rule is to extend a judge's obligations under *Hartley* to instances in which the court wishes to consider statutory or non-statutory aggravating factors for *Austin* purposes. The fact that the court and the parties are relying on the same record of the proceedings and the same pre-sentence report does not mean that there cannot be surprises. The sentencing judge may read the record differently from the parties, perceiving aggravating or mitigating factors that the parties did not believe were raised by the facts. Or the judge may differ with the parties in interpreting the legal definition of an aggravating or mitigating factor. Both the defendant and the government are entitled to notice that the judge is considering previously unmentioned aggravating or mitigating factors before the parties present their sentencing arguments.

 Thus, we are remanding Collins's case to the superior court for re-sentencing. At the renewed sentencing hearing, both the state and Collins will have the opportunity to address the issue of whether the aggravating factors in this case justify a sentence of imprisonment exceeding *Austin*'s normal four-year ceiling. However, in the future we will strictly enforce the contemporaneous objection rule: absent plain error, a defendant will not be heard to complain on appeal that he or she lacked advance notice of aggravating factors unless the issue has been preserved by a timely objection in the trial court.[1]

---

**1.** Collins raises an additional issue on appeal. At the sentencing hearing, Judge Gonzalez noted that the pre-sentence report showed Collins had been sexually assaulted as a child. Judge Gonzalez concluded that this experience made Collins more likely to commit sexual assault himself, and that Collins therefore had poor prospects for rehabilitation and would require both lengthy incarceration and sex-offender treatment. On appeal, Collins challenges Judge Gonzalez's conclusion about the effect of childhood sexual victimization on later adult behavior; he

This case is REMANDED to the superior court for renewed sentencing proceedings.

argues that he should have had a chance to rebut Judge Gonzalez's assumption that a defendant's childhood sexual victimization increases the defendant's likelihood of sexual problems and assaultive behavior.

At the renewed sentencing proceedings in this case, Collins should be given the opportunity to present evidence on the issue of whether a defendant's experience of being sexually abused as a child might provide insight into his sexually assaultive behavior as an adult.

