**Juan K. ESPINOZA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5422.

Court of Appeals of Alaska.

Sept. 8, 1995.

Michael Dieni, Assistant Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Stephen R. West, Assistant District Attorney, Ketchikan, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

Juan K. Espinoza pled no contest to one count of third-degree assault, AS 11.41.220(a)(1). In return for his plea, the state agreed to recommend a sentencing cap of one year's unsuspended incarceration and to dismiss the original charge of attempted second-degree murder. Superior Court Judge Michael A. Thompson sentenced Espinoza to three years' imprisonment with two and one-half years suspended. As a result of a probation revocation action stemming from Espinoza's involvement in a DWI shortly after his assault conviction, Judge Thompson later imposed six months of the originally suspended sentence and, as an added condition of probation, ordered Espinoza to complete six months of residential substance abuse treatment. Espinoza subsequently enrolled in but failed to complete the Salvation Army Clitheroe Center program, and the state petitioned to revoke his probation. Espinoza admitted the probation violation and appeared for disposition before Superior Court Judge Elaine M. Andrews.

At the disposition hearing, Espinoza urged Judge Andrews to impose only part of his suspended incarceration. Espinoza pointed out that imposing all of the incarceration that remained suspended would yield a total sentence of three years' imprisonment. He reminded the court that he was a first felony offender and had been convicted of a class C felony. Citing *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), Espinoza argued that, absent a formal finding of statutory aggravating factors or extraordinary circumstances, he was entitled to receive a more favorable sentence than the two-year presumptive term specified for a second class C felony offender. Noting that the state had failed to notify him of any proposed aggravating factors prior to the disposition hearing and that no aggravating factors had been alleged or found when he was originally sen-

tenced, Espinoza insisted that the *Austin* rule barred the court from sentencing him to a total of more than two years' unsuspended time for his assault. Espinoza requested Judge Andrews to impose a sentence within the confines of the *Austin* limit.[1]

In response to this request, Judge Andrews expressed uncertainty as to whether the *Austin* rule applied in the context of sentencing for a probation violation. Alternatively, the judge concluded that the facts recited in the original presentence report appeared to support the conclusion that Espinoza's conduct was among the most serious included in the definition of his offense.[2] *See* AS 12.55.155(c)(10). The judge ordered Espinoza to serve the entire suspended portion of his sentence. Upon the imposition of this sentence, Espinoza stated his disagreement with the court's interpretation of the facts

and took exception to the court's finding of an aggravating factor without prior notice.[3]

Espinoza now appeals the sentence imposed upon revocation of his probation. He argues that the superior court erred in imposing a sentence above the *Austin* limit without giving him prior notice of, and an opportunity to challenge, the court's proposed reliance on an aggravating factor.

This court recently summarized the applicable ground rules for sentencing in cases such as Espinoza's:

> In *Austin*, we held that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender." *Id.* at 657–58. We indicated that this rule should be deviated from only in exceptional cases. *Id.* at 658. Subsequently, in *Brezenoff v. State*, 658

1. In relevant part, Espinoza's counsel argued:

   The court may be inclined to consider terminating probation here and just put Mr. Espinoza in for the remainder of—of the original sentence. Just a few comments. If your thinking is along those lines I really want to make it very clear that we feel that a three-year sentence in this case would be illegal. It's a year in excess of *Austin* limits. There have been no *Wylie* aggravators filed, and I believe there are none that would actually be appropriate to the case. He doesn't have a prior felony record so he's entitled by case law under *Austin* to a sentence substantially more favorable than what would [sic] a second-time felony offender would get, which is two years on a C felony.

   These matters are seldom discussed at the original sentencing when the actual time imposed is only six months, which is what his original sentence was, three years with all suspended but six months. Routinely the Court of Appeals, if you try to appeal at that stage of the game will look at it and go, well, he only got six months and that's really what we're concerned about, is the actual incarceration, not—not suspended and unimposed time. But we are talking about imposing time, now we are talking about appeals because—because I read the offense and—and potential aggravators, although none have been noticed and none have been filed. Two years should be the cap here[.]

2. Judge Andrews stated, in relevant part:

   Well, I'm not exactly certain who has the obligation to justify the original sentence but my thinking is that if you feel that a sentence is in violation of an *Austin* limit or an illegal sentence the obligation is to appeal that sentence initially, but in order to avoid the possi-

bility that that analysis is wrong—in reviewing the original presentence report it appears to me that what happened in this case is that Mr. Espinoza was charged with a—initially charged with attempted murder, significant reduction in the charge resulted, which then brought him into class C felony range, and so although I only know what I know about that case from the presentence report, just taking simply the facts from the presentence report it certainly would end up having aggravators such as the worst possible conduct within the definition of the offense for which he was ultimately charged and it's hard to imagine a more mitigated sentence than what he received.

3. Espinoza's counsel stated:

   I don't think the facts support it, I don't think the procedure followed here meets due process from the standpoint of notice and opportunity to be heard. The State has never noticed the aggravator in writing or verbally from what I've seen.

   Judge Andrews' response again indicated uncertainty as to the role of the *Austin* rule in probation revocation proceedings:

   And—and that comment [concerning the most serious conduct aggravating factor] is meant to be to the original sentence. If I were required to pass on that as the sentencing judge on the probation revocation. I don't mean to suggest that this is a worst possible aggravator type of probation revocation situation. I'm just making the record in case the Court of Appeals thinks that I'm the one that has somehow verified the original sentence, which I don't think I am, but in order to—in the interest of judicial economy I make the comments.

P.2d 1359, 1362 (Alaska App.1983), we clarified that an "exceptional case" for purposes of the *Austin* rule is one in which there are significant aggravating factors as specified in AS 12.55.155(c), or the kind of extraordinary circumstances that would warrant referral to the three-judge panel, under AS 12.55.165–.175, for enhancement of the presumptive term.

More recently, we have held that, before receiving an exceptional sentence under the *Austin* rule, a first offender is entitled to advance notice of the aggravating factors or extraordinary circumstances to be relied on by the sentencing court. *Wylie v. State,* 797 P.2d 651, 662 & n. 9 (Alaska App.1990); *see also Collins v. State,* 816 P.2d 1383, 1384–85 (Alaska App.1991).

*Austin*'s fundamental policy of protecting first offenders against harsher treatment than similarly situated second offenders continues to apply when a first offender is sentenced for a probation violation. *See, e.g., Luepke v. State,* 765 P.2d 988, 990–91 (Alaska App.1988). In such a case, however, the probation violation itself may be indicative of the offender's poor prospects for rehabilitation; this factor, either alone or in conjunction with other factors, may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits. *Witt v. State,* 725 P.2d 723, 724 (Alaska App. 1986).

*Bland v. State,* 846 P.2d 815, 817–18 (Alaska App.1993) (footnote omitted).

■ The *Austin* rule was thus applicable to Espinoza's case when he was sentenced for violating the conditions of his probation. Espinoza could properly be ordered to serve the balance of his originally suspended incarceration, but only if significant aggravating factors or extraordinary circumstances were found in his case. *Bland,* 846 P.2d at 817–18; *Brezenoff,* 658 P.2d at 1362. And before the existence of any aggravating factors or extraordinary circumstances could properly be determined, Espinoza was entitled to prior notice and an opportunity to contest the issue. *Wylie,* 797 P.2d at 662 & n. 9.

■ Espinoza's original sentence fell well below the *Austin* threshold and provided no occasion for determining the existence of aggravating or mitigating factors. The state alleged no aggravating factors prior to the original sentencing hearing and Judge Thompson found none.[4]

■ The state likewise alleged no aggravating factors in advance of Espinoza's sentencing hearing before Judge Andrews. Although the judge was entitled to make an independent determination as to aggravating factors or extraordinary circumstances, such a determination could not properly be made without providing Espinoza advance notice of the court's intent to do so. *Hartley v. State,* 653 P.2d 1052, 1056 (Alaska App.1982). Here, Espinoza was given no advance notice of the court's proposed reliance on factor (c)(10).[5] In light of the sentencing court's failure to give Espinoza advance notice of its

4. The state's argument that Judge Thompson effectively found aggravating factor (c)(10) is meritless. At the original sentencing hearing the parties argued their respective interpretations of the seriousness of the case. In imposing sentence, Judge Thompson commented, "It looks like a very strong third-degree assault case. It's a little weak the way it was originally charged." This comment is hardly tantamount to a formal finding, after advance notice to Espinoza, that factor (c)(10) had been established by clear and convincing evidence.

5. The state maintains that, after Judge Andrews found factor (c)(10) applicable and imposed sentence, Espinoza should have requested a hearing to allow him an opportunity to contest the finding; in the state's view, counsel's failure to do so amounts to a waiver. This argument is merit-

less. We have previously held that, to preserve for appeal the issue of lack of advance notice of an aggravating factor, a defendant must raise the issue at the sentencing hearing and object on that ground. *See Collins v. State,* 816 P.2d 1383, 1385 (Alaska App.1991). But we have never suggested that a defendant who makes a timely objection based on lack of notice but is nevertheless improperly sentenced based on an impromptu aggravating factor bears the added burden of requesting a hearing to litigate the improperly found factor. Espinoza's counsel expressly stated his disagreement with the court's characterization of the seriousness of his conduct and specifically objected to the court's unnoticed reliance on factor (c)(10). Counsel fully complied with the requirements of *Collins* and thereby preserved the issue for appeal.

intent to find factor (c)(10) applicable, we must vacate the sentence and remand for resentencing.

The sentence is VACATED, and this case is REMANDED for resentencing. On remand, Espinoza must be given advance notice of any aggravating factors or extraordinary circumstances alleged by the state or relied on by the sentencing court.