Michael J. REESE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6153.

Court of Appeals of Alaska.

Dec. 27, 1996.

**1296**

Rich Curtner, Assistant Public Defender, and John B. Salemi, Public Defender, Anchorage, for Appellant.

Susan Wibker, Assistant District Attorney, Kenneth J. Goldman, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Michael T. Reese received a composite sentence of 6 years to serve for the two crimes of second-degree sexual abuse of a minor, AS 11.41.436(a), and fourth-degree misconduct involving a controlled substance (possession of cocaine), AS 11.71.040(a). Reese contends that this sentence is excessive. Reese also contends that the sentencing judge should have alerted him, before imposing sentence, that the judge intended to impose a sentence more severe than 4 years to serve. We conclude that Reese was on sufficient notice that he might receive more than 4 years to serve, and we further conclude that Reese's sentence is not clearly mistaken.

On March 9, 1995, thirteen-year-old P.S. was spending the night at the home of G.T., a friend of hers. Michael Reese, G.T.'s cousin, came by the house. Reese began touching P.S. and putting his hands down her pants.

Reese then pulled down P.S.'s pants and raped her both genitally and anally. Following this assault, Reese warned P.S. that if she told anyone what had happened, he would kill her. Reese then left the apartment. Despite this threat, P.S. reported the rape soon after Reese left. The police were summoned, and Reese was arrested a short time later. During the arrest, the police found a small quantity of cocaine on Reese's person.

Reese denied having sexual intercourse with P.S. However, a medical examination showed that P.S. had a bruised vulva and tears to her vagina and her rectum.

Reese was indicted on two counts of first-degree sexual assault (separate counts for unconsented-to vaginal and anal penetration), as well as alternative counts of second-degree sexual abuse of a minor (because P.S. was thirteen years old). Additionally, Reese was indicted for possession of cocaine.

Reese ultimately agreed to plead no contest to the cocaine charge and to a single count of second-degree sexual abuse of a minor. Reese also conceded aggravating factor AS 12.55.155(c)(10)—that his conduct was among the most serious within the definition of second-degree sexual abuse of a minor—because he sexually penetrated the victim both genitally and anally (this conduct would support two separate convictions, see *Yearty v. State*, 805 P.2d 987, 993–94 (Alaska App. 1991)), and because the victim sustained injuries to her genitals and her rectum.

At the sentencing hearing, Reese did not contest the assertions in the pre-sentence report (1) that P.S. had not consented to the sexual penetration and (2) that Reese had threatened to kill P.S. if she revealed the sexual assault. P.S. told the court that she was a virgin when Reese raped her and that the assault had seriously affected her life. For a long time, she was unable to eat or to sleep through the night. She lost 30 pounds, she failed a grade in school, and she is fearful of boys.

Reese was a first felony offender. Second-degree sexual abuse of a minor is a class B felony; the presumptive term for a second felony offender convicted of this offense is 4

years' imprisonment. AS 11.41.436(b); AS 12.55.125(d)(1). Fourth-degree controlled substance misconduct is a class C felony; the presumptive term for a second felony offender is 2 years' imprisonment. AS 11.71.040(d); AS 12.55.125(e)(1).

At Reese's sentencing, the State asked the court to impose a composite term of 4 years to serve for Reese's two crimes. Reese's attorney, citing Reese's young age (17), asked for a more favorable sentence because Reese was "still in [his] formative years". Notwithstanding these two recommendations, Superior Court Judge Milton M. Souter concluded that even a 4-year sentence was insufficient to satisfy the *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

Judge Souter noted that Reese had penetrated P.S. against her will, both vaginally and anally, and that P.S. had suffered physical injury to both her genitals and her rectum. Moreover, Reese threatened to kill P.S. if she told anyone about the assault. Judge Souter declared that Reese's offense was "extremely aggravated". The judge added:

> [I]t's hard for me to imagine a much more aggravated situation than that. This would be an aggravated first-degree [sexual] assault against a minor.... For whatever reasons, this was bargained down by the State and the defense to sexual [abuse of] a minor in the second-degree. But it is extraordinarily aggravated.

Judge Souter concluded that the sentencing goals of deterrence and reaffirmation of community norms called for a sentence above the 4-year term requested by the State. He sentenced Reese to 8½ years with 3 years suspended on the second-degree sexual abuse charge, and to a consecutive 6 months to serve on the cocaine charge. Thus, Reese received a composite sentence of 6 years to serve, with an additional 3 years suspended.

 Our analysis of this sentence must begin with *State v. Jackson*, 776 P.2d 320, 326–27 (Alaska App.1989), in which this court established benchmark sentencing ranges for first felony offenders convicted of class B felonies. Under the *Jackson* benchmarks, a first offender who commits a typical to mod-

erately aggravated class B felony should normally be sentenced to serve between 1 and 4 years in prison. Sentences like Reese's (6 years to serve) should be imposed only for exceptionally aggravated offenses—those involving "significant [statutory] aggravating factors or other extraordinarily aggravated circumstances". *Jackson*, 776 P.2d at 326.

Judge Souter found (and Reese does not contest) that Reese's conduct amounted to two separate first-degree sexual assaults (two different types of nonconsensual sexual penetration) that were committed upon a thirteen-year-old victim with no prior sexual experience. The victim suffered physical injuries during the assaults, and she was threatened with death immediately after the assaults. The sentencing record also shows that the victim suffered substantial emotional harm from her experience. This record supports Judge Souter's conclusion that Reese's offense would be characterized as aggravated even if he had been convicted of first-degree sexual assault, an unclassified felony with an 8-year presumptive term for first felony offenders. *See* AS 11.41.410(b); AS 12.55.125(i)(1).

The fact that Reese's crime would be aggravated even if he had been convicted of an unclassified felony distinguishes Reese's case from *Benboe v. State*, 698 P.2d 1230 (Alaska App.1985). In *Benboe*, the defendant was convicted of second-degree sexual assault (nonconsensual sexual contact), but the sentencing judge found the case to be aggravated because Benboe had penetrated the victim and had therefore actually committed the higher degree of sexual assault. For this reason, the judge sentenced Benboe to serve 7 years. *Id.* at 1231. This court reversed because, if Benboe had been convicted of first-degree sexual assault, his offense would have been a mitigated first-degree sexual assault under the facts:

> [Benboe's] assault was unplanned and was of extremely brief duration. At most, the assault involved only slight digital penetration. Benboe never threatened [his victim], and he voluntarily terminated the assault as soon as [the victim] protested. Only relatively slight physical injury was caused by Benboe's conduct, and evidently

[the victim] suffered no lasting emotional harm.

*Benboe,* 698 P.2d at 1232 (footnote omitted).

Comparing the circumstances of Reese's case to this description of the facts in *Benboe,* it is evident that Reese's assault on P.S. was a significantly more serious offense, and that Reese's offense would be deemed aggravated even if Reese had been convicted of first-degree sexual assault. We therefore conclude that Judge Souter was not clearly mistaken when he categorized Reese's offense as "exceptionally aggravated" for purposes of the *Jackson* benchmarks and when he sentenced Reese to a composite term of 6 years to serve.

■ In his brief to this court, Reese argues that Judge Souter was constrained to sentence him to less than 4 years' imprisonment—the normal ceiling under *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App. 1981)—unless the judge found by "clear and convincing evidence" that a more severe sentence was necessary. This argument confuses the two functions of a judge at sentencing: fact-finding, and exercise of sentencing discretion. The "clear and convincing evidence" standard governs a sentencing judge's findings regarding aggravating and mitigating factors under AS 12.55.155 and extraordinary circumstances under AS 12.55.165. *Lepley v. State,* 807 P.2d 1095, 1099 n. 1 (Alaska App. 1991). However, when the judge determines the appropriate sentence under the facts of the case, this is an exercise of sentencing discretion. The judge need not have "clear and convincing" reasons for imposing a particular sentence. Rather, there is a range of reasonable sentences that will be affirmed under Alaska's standard for sentence review, the "clearly mistaken" test. *State v. Bumpus,* 820 P.2d 298, 305 (Alaska 1991); *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974); *Lepley, supra.*

■ Reese also argues that Judge Souter was obliged to notify him in advance if the judge was contemplating imposing a sentence of 4 years or more to serve (the presumptive term for a second felony offender). Reese relies on *Wylie v. State,* 797 P.2d 651, 662 (Alaska App. 1990). In *Wylie,* the defendant was sentenced to a term of imprisonment exceeding the *Austin* ceiling. However, the State had failed to allege aggravating factors or extraordinary circumstances, and thus the defendant was not on notice that a sentence above the normal *Austin* limit might be imposed. Rather, it was the sentencing judge who, based on the prosecutor's sentencing argument, found aggravating factors. This court held that a defendant is entitled to advance notice when the sentencing judge believes that a sentence above the normal *Austin* limit should be imposed based on aggravating factors or extraordinary circumstances that have not been raised by the State.

■ The decision in *Wylie* was premised on the sentencing rule first announced in *Austin,* later interpreted in *Brezenoff v. State,* 658 P.2d 1359, 1362 (Alaska App.1983), and now codified in AS 12.55.125(k): a first felony offender must receive a term of imprisonment more favorable than the presumptive term for a second felony offender unless the sentencing court finds statutory aggravating factors or extraordinary circumstances. If no such factors are alleged, then defendants can properly anticipate that their sentence will not exceed the normal *Austin* ceiling. Thus, before a judge relies on an aggravating factor that has not been raised in advance of sentencing, the defendant must be given notice and a fair opportunity to respond. *But see Collins v. State,* 816 P.2d 1383, 1384–85 (Alaska App.1991) (a defendant who voices no objection to the court's consideration of a newly-raised aggravator can not thereafter complain).

In the negotiations leading up to the plea bargain in the present case, Reese rejected the State's offer of a predetermined sentence and instead bargained for open sentencing. At the same time, Reese stipulated to the existence of aggravator (c)(10). Under *Brezenoff,* the existence of this aggravator meant that Judge Souter was authorized to consider sentences of 4 years or more to serve. Reese was therefore on notice that his sentence could potentially exceed the normal *Austin* ceiling.

Reese points out that, despite Reese's concession of aggravator (c)(10), the State

sought a sentence of only 4 years to serve. However, when Reese agreed to open sentencing, he assumed the risk that the sentencing judge might view the case differently from the prosecutor.

Reese cites a passage from our opinion in *Lewis v. State*, 845 P.2d 447 (Alaska App. 1993), where we remanded a case for resentencing because the defendant had received a sentence above the normal *Austin* ceiling even though the sentencing court had found no aggravating factors:

> Because the sentencing court exceeded the normal *Austin* limit without the requisite finding that Lewis' case was exceptional, we must remand for resentencing. Upon remand, *if the state seeks or the court contemplates the imposition of a sentence exceeding the applicable Austin limit, Lewis should be given advance notice of that fact,* as well as notice of the proposed aggravating factors or extraordinary circumstances to be relied on.

*Lewis*, 845 P.2d at 448 (emphasis as it appears in Reese's brief).

Reese interprets this passage as establishing a new gloss on *Wylie:* that even though the defendant is aware that the State (or the sentencing judge) has proposed aggravating factors or extraordinary circumstances, the defendant is entitled to an additional special notice that the judge is actively contemplating a sentence above the normal *Austin* ceiling. However, Reese's suggested interpretation of *Lewis* and *Wylie* is again based on a confusion of the two functions of a judge at sentencing: factfinding, and exercise of sentencing discretion.

Under *Brezenoff* and under AS 12.55.025(k), a sentencing judge's authority to exceed the normal *Austin* ceiling depends on particular findings: the *Austin* ceiling can be exceeded if the judge finds either aggravating factors or extraordinary circumstances. As explained above, the existence of aggravating factors and extraordinary circumstances are questions of fact. *Lepley,* 807 P.2d at 1099 n. 1.

Typically, the State initiates the discussion of aggravating factors and aggravating extraordinary circumstances. To ensure that a defendant has a fair opportunity to litigate these questions of fact, both AS 12.55.155(f) and Alaska Criminal Rule 32.1(c) oblige the State to give the defendant advance notice if the State intends to prove aggravating factors or extraordinary circumstances.

■ However, a sentencing judge also has the authority (indeed, is under a duty) to raise aggravating and mitigating factors if it appears that the parties have overlooked applicable factors. *Hartley v. State,* 653 P.2d 1052, 1056 (Alaska App.1982). Because the sentencing judge can raise aggravating and mitigating factors *sua sponte,* this court held in *Wylie* that the sentencing judge must give the parties advance notice of these contemplated sentencing factors. With regard to aggravating factors, the *Wylie* requirement serves the same purpose as AS 12.55.155(f) and Criminal Rule 32.1(c): it ensures that the defendant has a fair opportunity to litigate the questions of fact that will affect the sentencing.

Thus, the *Wylie* notice requirement was intended to advance and protect the fairness of the fact-finding process at sentencing. *Wylie* did not, however, create a new rule to govern the judge's exercise of sentencing discretion upon completion of the factfinding process. In particular, we reject Reese's suggestion that *Wylie* was intended to give either the State or the defendant an extra opportunity to present sentencing arguments.

■ Once the sentencing judge has ruled on the aggravating and mitigating factors, the parties know the range of sentences that might be imposed, and they can frame their sentencing arguments accordingly. Unless the court has accepted a plea bargain that involves a binding sentence recommendation, there is no procedural unfairness in asking the parties to anticipate that the judge may be contemplating a sentence that exceeds the prosecutor's recommendation or that falls below the defense attorney's recommendation. Likewise, when aggravating factors have been proved, there is no procedural unfairness in asking the defendant to anticipate that the judge may be contemplating a sentence that exceeds the normal *Austin* ceiling.

The sentencing decision of the superior court is AFFIRMED.