Joseph W. PETERS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6323.

Court of Appeals of Alaska.

Aug. 1, 1997.

Rehearing Denied Sept. 19, 1997.

Rex Lamont Butler, Rex Lamont Butler & Associates, Anchorage, for Appellant.

Donald R. Kitchen, Assistant District Attorney, Kenneth J. Goldman, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MANNHEIMER, J., ANDREWS, Superior Court Judge and JOANNIDES, District Court Judge.*

## OPINION

JOANNIDES, District Court Judge.*

■ Joseph W. Peters pleaded no contest to two counts of the class A misdemeanor of contributing to the delinquency of a minor, AS 11.51.130(a)(1).[1] The two counts charged that Peters had contributed to the delinquency of fifteen-year-old E.F. and fourteen-year-old C.M. by aiding, inducing, causing or encouraging them to engage in sexual contact.[2]

The district court, Judge Natalie K. Finn, sentenced Peters to consecutive terms of 360 days' imprisonment with 240 days suspended, for a composite sentence of two years with sixteen months suspended. Peters appeals his sentence, arguing that the sentence is excessive, and that the court erred in considering aggravating circumstances without giving him notice of the court's intent to do so.

The state argues that this court does not have jurisdiction to hear Peters' sentence appeal because Peters was not sentenced to serve more than 120 days on any single count.

In 1995 the Alaska legislature amended AS 22.07.020, the statute establishing this court's appellate jurisdiction, to restrict this court's sentence appeal jurisdiction to cases in which a felony sentence exceeds two years to serve or a misdemeanor sentence exceeds 120 days

to serve. Alaska Statute 22.07.020 now provides in relevant part:

(b) Except as limited in AS 12.55.120, the court of appeals has jurisdiction to hear appeals of unsuspended sentences of imprisonment exceeding two years for a felony offense or 120 days for a misdemeanor offense imposed by the superior court on the grounds that the sentence is excessive....

(c) The court of appeals has jurisdiction to review ... the final decision of the district court on a sentence imposed by it if the sentence exceeds 120 days of unsuspended incarceration for a misdemeanor offense.

Shortly after the legislature amended AS 22.07.020, the Alaska Supreme Court amended Appellate Rule 215 to correspond to the new statutory limits on this court's sentence appeal jurisdiction.[3] Paragraph (a)(1) of Rule 215 now provides:

*Right to Appeal.* A defendant may appeal an unsuspended sentence of imprisonment that exceeds two years for a felony offense or 120 days for a misdemeanor offense on the ground that the sentence is excessive.

As the state reads these provisions, it is the sentence on each individual count, rather than the composite sentence, that must exceed 120 days in order for the defendant to have the right to appeal a misdemeanor sentence.

■ Peters argues that both AS 22.07.020 and Appellate Rule 215 are ambiguous as to whether it is the composite sentence or the individual sentences on each count that must exceed 120 days. He asks us to resolve this ambiguity in his favor by holding that he has the right to appeal his sentence because his

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. AS 11.51.130(a)(1) provides in relevant part:
(a) A person commits the crime of contributing to the delinquency of a minor if, being 19 years of age or older ... the person aids, induces, causes or encourages a child
(1) under 18 years of age to do any act prohibited by state law....

2. Aiding or inducing a minor to engage in sexual contact with an adult constitutes the offense of contributing to the delinquency of a minor, even

though the minor could not be prosecuted for the act of sexual contact. *Sullivan v. State,* 766 P.2d 51 (Alaska App.1988).

3. With SCO 1226, the supreme court amended paragraph (a)(1) of Appellate Rule 215 to conform with AS 22.07.020, while contemporaneously amending paragraph (a)(2) to provide that a defendant may seek discretionary review in the supreme court of a sentence of any shorter length.

composite term to serve on the two counts exceeds 120 days to serve. As Peters correctly points out, ambiguities in penal statutes are generally construed against the state and in favor of the defendant. *See, e.g., Brookins v. State,* 600 P.2d 12, 17 (Alaska 1979); *State v. Rastopsoff,* 659 P.2d 630, 640 (Alaska App.1983); *Cassell v. State,* 645 P.2d 219, 222 (Alaska App.1982).

We agree with Peters that AS 22.07.020 and Appellate Rule 215 are ambiguous. However, analysis of the statutory scheme as a whole resolves the ambiguity in favor of Peters' position.

■ "The guiding principle of statutory construction is to ascertain and implement the intent of the legislature...." *Millman v. State,* 841 P.2d 190, 194 (Alaska App.1992). To that end, statutes dealing with the same or related subject matter should be construed "as harmoniously as possible." *Borg–Warner Corp. v. Avco Corp.,* 850 P.2d 628, 633–34 (Alaska 1993). Such statutes "should be read together as a whole in order that a total scheme evolves which maintains the integrity of each act and avoids ignoring one provision over another." *Conner v. State,* 696 P.2d 680, 682 n. 3 (Alaska App.1985). More specifically, statutes enacted at the same time and dealing with the same subject matter are deemed to be *in pari materia* and are interpreted together. *Usibelli Coal Mine v. State,* 921 P.2d 1134, 1146 (Alaska 1996); *Underwater Const., Inc. v. Shirley,* 884 P.2d 150, 155 (Alaska 1994).

■ The legislature amended AS 22.07.020 to reflect the new jurisdictional limits of 120 days for misdemeanor sentences and two years for felony sentences in chapter 79 §§ 11–12 SLA 1995. With sections 7 and 8 of chapter 79, SLA 1995, the legislature simultaneously amended AS 12.55.120, the provision in the Code of Criminal Procedure for appeals of sentences in criminal cases. In AS 22.07.020(b) the legislature specifically refers to AS 12.55.120, and indicates that the two statutes are to be read together.

Unlike Rule 215 and AS 22.07.020, AS 12.55.120 is not ambiguous; it plainly states that a defendant has the right to appeal a composite sentence exceeding 120 days to serve:

(a) A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding two years of unsuspended incarceration for a felony offense or exceeding 120 days for a misdemeanor offense may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive....

....

(d) A sentence of imprisonment lawfully imposed by the district court for a term or for aggregate terms exceeding 120 days of unsuspended incarceration may be appealed to the superior court by the defendant on the ground that the sentence is excessive....

Reading AS 12.55.120 and AS 22.07.020 together, it is clear that the legislature intended to allow a defendant to appeal a misdemeanor sentence if the aggregate terms imposed exceed 120 days to serve.

Just as AS 22.07.020 and 12.55.120 should be read together and interpreted harmoniously, Appellate Rule 215(a)(1) should also be interpreted so as to be consistent with these statutes. Although Appellate Rule 215(a) has a history of inconsistency with the statutory limits on sentence appeals, the supreme court appears to have designed the current version of Rule 215(a)(1) to conform to the legislature's 1995 amendments to AS 12.55.120 and AS 22.07.020. The statutory amendments were enacted in 1995, taking effect July 1, 1995. The supreme court issued SCO 1226 amending Appellate Rule 215 in January of 1996. With this amendment the court abandoned the 45–day sentence appeal limit to which it had adhered since 1976, and adopted limits on the defendant's sentence appeal of right that correspond exactly to the newly enacted limits on the court of appeals' sentence appeal jurisdiction. Any ambiguity in Appellate Rule 215(a)(1) as amended should therefore be interpreted in favor of harmony with the new AS 12.55.120 and the new AS 22.07.020.

Alaska Statutes 12.55.120, AS 22.07.020, and Appellate Rule 215(a) are all reconciled if the ambiguity of the latter statute and the

rule as to whether individual or aggregate sentences are to be measured is resolved to conform to the unambiguous reference to aggregate terms in AS 12.55.120.

We therefore hold that the defendant may appeal a misdemeanor sentence to this court if the aggregate unsuspended terms imposed on all counts exceed 120 days. This court has jurisdiction to hear Peters' appeal of his composite sentence.

Peters argues that his sentence is excessive because he has no prior criminal convictions, and he argues that his offenses were mitigated because the victims had lied to him about their ages.[4]

▇▇▇▇ The sentencing court did not accept Peters' characterization of his offenses as mitigated. The court found instead that Peters' conduct was among the most serious conduct within the definition of contributing to the delinquency of minors, and that a substantial sentence was necessary to deter Peters and others from giving alcohol to minors and then having sexual contact with them. The sentencing court has discretion to determine the weight and priority to be accorded to the various sentencing goals, and the court did not abuse that discretion in emphasizing specific and general deterrence in this case. *See Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973); *Ting v. Anchorage,* 929 P.2d 673, 675 (Alaska App.1997). Having independently reviewed the sentencing rec-

ord, we conclude that Peters' sentence is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).[5]

Peters raises an additional point related to his sentencing. He argues that in determining his sentence, Judge Finn erred in finding "aggravating circumstances" without giving him prior notice of the court's intent to consider such aggravating circumstances. Peters points to the court's finding that giving alcohol to a minor and then having sexual relations with the child is a particularly serious way of contributing to the delinquency of a minor.

Peters did not object at the sentencing hearing to the lack of notice that the court would consider aggravating circumstances. He must therefore establish plain error in order to obtain relief on appeal. *Collins v. State,* 816 P.2d 1383, 1385 (Alaska App.1991).

▇▇▇▇ To establish plain error, a litigant must "show that the rule of law he relies upon in the appellate court should have been obvious to the trial court [and] establish that the application of that rule of law to the facts of his case was so obvious that it should have been noticed by the trial court *sua sponte.*" *Carman v. State,* 658 P.2d 131, 137 (Alaska App.1983). Peters makes no attempt to show that his claim rests on an established rule of law that should have been obvious to the district court. Instead, he asks this court to adopt a new rule of law.

**4.** Peters was originally indicted on two counts of sexual abuse of a minor in the second degree for engaging in sexual penetration of E.F. and C.M. After obtaining the indictment, the prosecutor learned that E.F. and C.M. had lied to Peters about their ages, telling him that they were sixteen and seventeen years old. Recognizing that it is an affirmative defense to a charge of sexual abuse of a minor that the defendant reasonably believed the victim to be over sixteen years of age, AS 11.41.445(b), the parties reached a plea agreement whereby the felony charges would be dismissed and Peters would plead no contest to misdemeanor charges of contributing to the delinquency of a minor.

**5.** In support of his claim that his sentence is excessive, Peters contends that even if he had been convicted of the original charges against him of second-degree sexual abuse of a minor, he would likely have been sentenced to no more than ninety days to serve. He argues that the fact that the victims lied to him about their

ages would have so mitigated the sexual abuse offenses that he would have been entitled to a "probationary" sentence. However, Peters misreads the case law regarding sentencing for second-degree sexual abuse of a minor. Even assuming that Peters would be correct in characterizing his offenses as extremely mitigated, he would not have been eligible for a probationary sentence on this record. A probationary sentence—a sentence involving less than ninety days of unsuspended incarceration—is appropriate for someone convicted of second-degree sexual abuse of a minor "only when [the] offender's conduct is significantly less serious than typical conduct for the offense and only when the offender's prospects for rehabilitation are shown to be significantly better than the typical first offender's [prospects]." *State v. Jackson,* 776 P.2d 320, 327 (Alaska App.1989). Peters made no showing that his prospects for rehabilitation were any more favorable than those of the typical first offender.

We have heretofore required the sentencing court to give notice to the defendant of the court's intent to *sua sponte* consider statutory aggravating factors only in cases in which the court's sentence may turn upon the finding of such factors. Statutory aggravating factors are applicable only in felony sentencings. In a felony case subject to presumptive sentencing the sentencing court may not exceed the presumptive term unless the court finds one or more factors in aggravation. AS 12.55.125, AS 12.55.155. When sentencing a first-time felony offender in a case in which no presumptive term applies, the court may not impose a term to serve that exceeds the presumptive term for a second offender unless the court finds either a statutory aggravating factor or extraordinary circumstances that would warrant referral to a three-judge panel. AS 12.55.125(k). In *Hartley v. State*, 653 P.2d 1052, 1055–56 (Alaska App.1982), we held that in presumptive sentencing cases, the sentencing court had the authority to consider *sua sponte* statutory aggravating and mitigating factors, but that before doing so the court had to give the parties advance notice and an opportunity to present evidence regarding the factors. In *Wylie v. State*, 797 P.2d 651, 662 (Alaska App.1990), and *Collins v. State*, 816 P.2d at 1385, we extended the *Hartley* rule to non-presumptive sentencings of first-time felony offenders, in which the court intends to consider aggravating factors for the purpose of imposing a term exceeding the presumptive term for a second offender.

In misdemeanor cases there are no presumptive sentences. There is no misdemeanor sentence for which the finding of statutory aggravating factors is a condition precedent. In this case the sentencing court did not profess to find any statutory aggravating factors. The court simply examined and assessed all of the facts and circumstances of Peters' case. Such a process is to be expected in any sentencing proceeding. Peters has not established that the district court committed plain error in failing to give him advance notice of the court's intent to consider whether Peters contributed to the delinquency of minors in an unusually serious way.

The judgment of the district court is AFFIRMED.

COATS, C.J., not participating.