**Lottie R. BEASLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8289.

Court of Appeals of Alaska.

Oct. 17, 2002.

---

Teresa L. Foster, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Lottie R. Beasley, a first felony offender, pleaded no contest to third-degree assault, a class C felony.[1] The superior court found that several statutory aggravating factors from AS 12.55.155(c) applied by analogy[2] and imposed a 3 1/2 year term with 1 year suspended, a sentence in excess of the *Austin* limit.[3] Beasley argues that AS 12.55.125(k) bars the superior court from imposing a sentence of imprisonment, whether suspended or unsuspended, that exceeds the presumptive sentence for a third felony offender.[4] We reject Beasley's interpretation of the statute and conclude that AS 12.55.125(k) contains no such restriction. Therefore, we affirm Beasley's sentence.

On June 1, 2001, the Alaska State Troopers were contacted because two of Beasley's boys, G.B. and K.D., ran away from home and complained to a neighbor that Beasley was assaulting them. The boys' complaints led to an investigation by the Troopers that culminated in a grand jury indictment. The grand jury charged Beasley with one count of second-degree assault, and seven counts of third-degree assault. The State also filed an information charging Beasley with six counts of fourth-degree assault. These allegations charged Beasley with assaulting the two boys who ran away and H.G., another sibling. Ultimately, the State filed an information supplanting the indictment and the first information. This information charged Beasley with one consolidated count of third-degree assault against all three victims occurring over the course of three months. Beasley pleaded no contest to this consolidated count.

Lori M. Bodwell, Law Office of Lori Bodwell, Fairbanks, for Appellant.

1. AS 11.41.220(a), (b).

2. *See Wylie v. State,* 797 P.2d 651, 663 (Alaska App.1990).

3. *See Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981) (A first felony offender should ordinarily receive a more favorable sentence than the presumptive term for a second felony offender convicted of the same class of crime).

4. AS 12.55.125(e)(2).

Superior Court Judge Mary E. Greene found that several aggravating factors from AS 12.55.155(c) applied by analogy to Beasley's sentencing:[5] (c)(5) (Beasley knew or reasonably should have known that her victims were particularly vulnerable); (c)(9) (Beasley knew that her offense involved more than one victim); (c)(10) (Beasley's conduct was among the most serious within the definition of the offense); (c)(18)(A) (Beasley and her victims were living together in one social unit); and (c)(18)(C) (Beasley's assault was a domestic violence assault committed in the presence of a child under 16 who was living in the residence where the crime occurred). Judge Greene imposed 3 1/2 years' imprisonment with 1 year suspended.

Beasley claims that under AS 12.55.125(k) her sentence is illegal. Beasley argues that under this statute, the superior court could impose no more than a 3–year term whether the term is suspended in whole or in part. This claim presents a question of statutory interpretation.

■ "The guiding principle of statutory construction is to ascertain and implement the intent of the legislature or agency that promulgated the statute or regulation."[6] Alaska courts apply a sliding scale approach to statutory interpretation: to determine the meaning of a statute we look to its legislative history, even if its language is plain on its face.[7] But "the plainer the meaning of the language of the statute, the more convincing any contrary legislative history must be."[8] When a statute's meaning appears clear and unambiguous, the party urging another meaning "bears a correspondingly heavy burden of demonstrating contrary legislative intent."[9]

■ AS 12.55.125(k) was first enacted by chapter 79, § 25, SLA 1992. The genesis of this law was 1992 House Bill 396. In part, this bill was a response to this court's decision in *Buoy v. State*.[10] In Buoy, we held that before a sentencing judge can exceed the *Austin* limit, the State must prove statutory aggravating factors by clear and convincing evidence.[11] In hearings before the House Judiciary Committee, representatives from both the Department of Law and the Department of Public Safety told the committee that the intent of the bill was to overturn Buoy and require that aggravating factors be proved by a preponderance of the evidence.[12]

But the House Judiciary Committee amended the bill and proposed the enactment of a new subsection to AS 12.55.125, subsection (k), that provided:

(k) A first felony offender convicted of an offense for which a presumptive term of imprisonment is not specified under this section may not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second felony offender convicted of the same crime unless the court finds by clear and convincing evidence that an aggravating factor under AS 12.55.155(c) is present, or that circumstances exist that would warrant a referral to the three-judge panel under AS 12.55.165.

Thus, in its amended form, Committee Substitute for HB 396(Jud), the bill expressly adopted the *Buoy* decision.

The Senate Judiciary Committee later amended and re-organized CSHB 396. The final version of the bill, Senate Committee Substitute for CSHB 396, preserved the House Judiciary Committee's amendment adopting subsection (k). This section passed

**5.** See *Wylie v. State*, 797 P.2d 651, 663 (Alaska App.1990).

**6.** *Millman v. State*, 841 P.2d 190, 194 (Alaska App.1992).

**7.** See *Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 516 (Alaska 1998).

**8.** *Id.* (citing *State v. Alex*, 646 P.2d 203, 208–09 n. 4 (Alaska 1982)).

**9.** *University of Alaska v. Geistauts*, 666 P.2d 424, 428 n. 5 (Alaska 1983).

**10.** 818 P.2d 1165 (Alaska App.1991).

**11.** *Id.* at 1167–68.

**12.** See House Judiciary Committee hearing on H.B. 396 (January 17, 1992) (testimony by Gayle Horetski, Deputy Commissioner of Public Safety); (January 24, 1992) (testimony of Margot Knuth, Assistant Attorney General).

the legislature as chapter 79, § 25, SLA 1992.

AS 12.55.125(k) was amended in 1999. The source of the amendment was 1999 Senate Bill 3. The entire bill as proposed enacted several changes to increase penalties for the homicide of a child.[13] The final form of the bill was contained in the House Committee Substitute for CSSB 3(FIN). In a hearing before the House Finance Committee, a staff member of the bill's prime sponsor, Senator Halford, provided a sectional analysis of the bill and testified that the section of the bill amending AS 12.55.125(k) allowed a sentencing court to sentence an offender convicted of criminally negligent homicide of a child under 16 to a longer sentence than the presumptive sentence for a second or third felony offender convicted of the same crime.[14] The bill passed and the section amending AS 12.55.125(k) into its present form was included as chapter 54, § 11, SLA 1999.

AS 12.55.125(k) now provides:

> (k) A first felony offender convicted of an offense for which a presumptive term of imprisonment is not specified under this section
>
> (1) may be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second or third felony offender convicted of the same crime if the offender is convicted of criminally negligent homicide and the victim is a child under the age of 16;
>
> (2) except as provided in (1) of this subsection, may not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second felony offender convicted of the same crime unless the court finds by clear and convincing evidence that an aggravating factor under AS 12.55.155(c) is present, or that circumstances exist that would warrant a referral to the three-judge panel under AS 12.55.165.

Beasley argues that when subsections (1) and (2) are read together, one must conclude that the only circumstance when a court sentencing a first felony offender is authorized to exceed the presumptive term for a third felony offender is contained in (k)(1). Beasley claims that sole circumstance occurs when a court is sentencing an offender for the criminally negligent homicide of a child under 16. But on its face, subsection (k)(2) contains the general rule that requires a sentencing judge to find a statutory aggravating factor or an extraordinary circumstance warranting a referral to a three-judge sentencing panel before exceeding the presumptive term for a second felony offender. The 1999 amendment did not alter this general rule and the legislative history of the 1999 amendment does not contain an indication that the legislature intended to further limit the authority of a sentencing judge in the normal case. Subsection (k)(1) enacted an exception to this general rule for the criminally negligent homicide of a child under 16 by authorizing a court sentencing a first felony offender convicted of this crime to exceed the presumptive term for a second or a third felony offender without requiring the sentencing judge to find a statutory aggravating factor or extraordinary circumstances.

As the proponent of an interpretation different than what appears on the face of the statute, Beasley "bears a correspondingly heavy burden of demonstrating contrary legislative intent."[15] But Beasley has not pointed to any legislative history showing that the purpose of the amendment to subsection (k) that was contained in chapter 54, § 11, SLA 1999 was to cap the sentencing range for a first felony offender at the presumptive term for a third felony offender. Instead, the overall underlying purpose of S.B. 3 appears to be the establishment and authorization of greater penalties for the homicide of children

---

**13.** *See* House Judiciary Committee hearing on S.B. 3 (March 3, 1999) (testimony by Juli Lucky, Staff, Senator Rick Halford).

**14.** *See* House Finance Committee hearing on S.B. 3 (May 10, 1999) (testimony by Juli Lucky, Staff, Senator Rick Halford).

**15.** *University of Alaska v. Geistauts,* 666 P.2d 424, 428 n. 5 (Alaska 1983).

under the age of 16.[16]

When sentencing a first felony offender in the normal case, subsection (k) does require a sentencing judge to find statutory aggravating factors or extraordinary circumstances before imposing an unsuspended term of imprisonment exceeding the presumptive term for a second felony offender. But we conclude that subsection (k) does not constrain a sentencing judge to impose less than the presumptive term for a third felony offender when the judge finds that the State has proven that a statutory aggravating factor or factors apply.

Beasley's sentence is AFFIRMED.

MANNHEIMER, Judge, concurring.

This case requires us to construe what the legislature intended when they added subsection (1) to AS 12.55.125(k) in 1999. This statute reads:

> (k) A first felony offender convicted of an offense for which a presumptive term of imprisonment is not specified under this section
>
> > (1) may be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second or third felony offender convicted of the same crime if the offender is convicted of criminally negligent homicide and the victim is a child under the age of 16;
> >
> > (2) except as provided in (1) of this subsection, may not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second felony offender convicted of the same crime unless the court finds by clear and convincing evidence that an aggravating factor under AS 12.55.155(c) is present, or that circumstances exist that would warrant a referral to the three-judge panel under AS 12.55.165.

Beasley argues that when the legislature enacted subsection (1) in 1999, the legislature

intended to alter the meaning of the pre-existing portion of the statute—the part that is now subsection (2). Beasley contends that, under the current version of the statute, when a first felony offender is convicted of any felony governed by presumptive sentencing other than criminally negligent homicide involving a child, the offender's unsuspended term of imprisonment can not exceed the presumptive term that applies to third felony offenders.

This claim is moot in Beasley's case. Both AS 12.55.125(k)(1) and (k)(2) limit a defendant's *unsuspended* term of imprisonment. Beasley's unsuspended term of imprisonment is 2½ years—less than the 3–year presumptive term that applies to third felony offenders convicted of the same offense. Thus, even under Beasley's construction of the statute, her sentence would be proper.

Even though Beasley's claim is moot, my colleagues have decided to address the merits of that claim. I concur in their conclusion that Beasley's interpretation of the statute is mistaken.

In 1992[1], the Alaska legislature enacted AS 12.55.125(k)—the portion of the statute that is now AS 12.55.125(k)(2). This portion of the statute declares that, in cases not governed by presumptive sentencing, a first felony offender "[can] not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second felony offender convicted of the same crime unless the court finds by clear and convincing evidence that an aggravating factor under AS 12.55.155(c) is present, or that circumstances exist that would warrant a referral to the three-judge panel under AS 12.55.165."

Both the wording of this provision and the minutes of the House Judiciary Committee from 1992[2] indicate that the legislature enacted this law because they wished to codify the sentencing rule that this Court first an-

---

16. *See* House Judiciary Committee hearing on S.B. 3 (March 3, 1999) (testimony by Juli Lucky, Staff, Senator Rick Halford (The purpose of the prime sponsor of the bill, Senator Halford, is to send the message "if you kill a child you will go to jail for a long time.")).

1. *See* SLA 1992, ch. 79, § 25.

2. *See* Minutes of the House Judiciary Committee for January 15, 1992, Tape Jud 92–1, Side B, at 177 (testimony of Laurie Otto, Staff Counsel for the House Judiciary Committee).

nounced in *Austin v. State*[3] and that we later clarified in *Tazruk v. State*[4] and *Brezenoff v. State*[5]. The *Austin/Tazruk/Brezenoff* rule states that, when an offense that is subject to presumptive sentencing does not specify a presumptive term for a first felony offender, the unsuspended portion of a first felony offender's term of imprisonment should be more favorable than the presumptive term that applies to second felony offenders, unless the State proves statutory aggravating factors (*i.e.*, the aggravating factors listed in AS 12.55.155(c)) or non-statutory aggravating factors (*i.e.*, the type of extraordinary circumstances that would warrant referral of the defendant's case to the statewide three-judge sentencing panel under AS 12.55.165).

Since 1992, we have repeatedly and consistently interpreted this statutory language as codifying the *Austin/Tazruk/Brezenoff* rule (with the slight difference that the *Austin* rule calls for a first offender to receive an unsuspended term of imprisonment *more favorable than* the presumptive term for second felony offenders, while the statute calls for a first felony offender to receive an unsuspended term *no greater than* the presumptive term for second felony offenders).[6] I particularly note that in *Petersen v. State*, 930 P.2d 414, 437 (Alaska App.1996), we applied AS 12.55.125(k) to a first felony offender who was convicted of a class C felony and who received 5 years' imprisonment with 2 years suspended—*i.e.*, a less favorable sentence than the 3-year presumptive term for a *third* felony offender.[7]

In 1999, when the legislature was discussing the provision that eventually became subsection (1) of AS 12.55.125(k)[8], the legislature was told that this provision would allow courts to impose higher unsuspended sentences on defendants convicted of criminally negligent homicide involving children.[9] But no one ever suggested that this provision would impose new restrictions on the courts' authority to sentence defendants convicted of other felonies, or that the provision would modify the series of court decisions interpreting the language that remained in subsection (2).

Given this backdrop, I agree with my colleagues that AS 12.55.125(k)(1) was intended to abrogate the *Austin* rule for first felony offenders convicted of criminally negligent homicide involving children younger than 16. That is, the legislature intended to authorize courts to sentence these offenders to unsuspended terms of imprisonment equal to or greater than the presumptive term for third felony offenders convicted of the same crime even when the State did not prove aggravating factors under AS 12.55.155(c) or extraordinary circumstances as defined in AS 12.55.165. The legislature did not intend to alter the meaning of AS 12.55.125(k)(2) by imposing a new restriction on the unsuspended terms of other first felony offenders.

**3.** 627 P.2d 657 (Alaska App.1981).

**4.** 655 P.2d 788, 789 (Alaska App.1982).

**5.** 658 P.2d 1359, 1362 (Alaska App.1983).

**6.** *See Cook v. State*, 36 P.3d 710, 730 (Alaska App.2001); *Pitka v. State*, 19 P.3d 604, 608 (Alaska App.2001); *Foley v. State*, 9 P.3d 1038, 1040 & n. 5 (Alaska App.2000); *Harris v. State*, 980 P.2d 482, 486 (Alaska App.1999); *Reese v. State*, 930 P.2d 1295, 1298–99 (Alaska App.1996).

**7.** Specifically, this Court said: "Petersen was a first felony offender. Under AS 12.55.125(k) and *Austin v. State*, 627 P.2d 657 (Alaska App.1981), as construed in *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983), Petersen could not receive 3 years to serve unless the sentencing judge found one or more of the aggravating factors listed in AS 12.55.155(c) (or unless the judge found extraordinary circumstances under AS 12.55.165).

**8.** HCS CSSB 3 (Finance), § 11.

**9.** *See* Minutes of the House Judiciary Committee for March 3, 1999, Tape 99–9, Side A, at 1638 (testimony of Juli Lucky, staff researcher for Senator Halford), and Minutes of the House Finance Committee for May 10, 1999, Tape HFC 99–122, Side 1 (testimony of Juli Lucky).